Harold J. Hughes, J.
This is a motion by the third-party defendant to dismiss the third-party complaint and cross claims against her on the ground that they fail to state a cause of action (CPLR 3211, subd [a], par 7).
An action was commenced by Percy Lampman, as natural guardian for the four-year-old infant Keith Lampman, to recover damages for personal injuries sustained by Keith in connection with a fall from a slide on premises belonging to *396 the defendant school district. Thereafter, the school district commenced a third-party action against the infant’s mother, Judy Lampman, alleging that the accident was caused in whole or part by the mother’s failure to properly instruct Keith in the use of a playground slide and to properly supervise the activities of her infant son and in allowing him to use the playground slide for purposes for which it clearly was not intended.
A third-party action was also commenced against the Cairo Chamber of Commerce and that third-party defendant has interposed a cross claim against Judy Lampman. The cross claim alleges that Mrs. Lampman negligently permitted the infant to leave her immediate care and abandoned the infant to the use of an instrumentality with which she should have known he was unfamiliar. It is further alleged that Mrs. Lampman was negligent in permitting her son to use an instrumentality without her personal supervision when she knew that this was not the time or place for the use of the instrumentality and in permitting the slide to be used in a way for which it was not intended to be used.
Another action was subsequently commenced by the plaintiffs against the Cairo Chamber of Commerce and in its answer the defendant has asserted a "cross claim” against Judy Lampman setting forth the same allegations contained in the cross claim in the first action.
The question presented is whether the third-party action and the cross claims against Judy Lampman state a cause of action. The court holds that they do not.
In Holodook v Spencer (36 NY2d 35), the Court of Appeals recently held that a child does not have a legally cognizable claim for damages against his parent for negligent supervision. The facts of the companion case, Graney v Graney (36 NY2d 35), are similar to those in the case at bar in that both involve injuries sustained by a four-year-old as the result of a fall from a playground slide. If the child has no claim against the parent, then it follows that the third party has no right to contribution against the parent under the doctrine of Dole v Dow Chem. Co. (30 NY2d 143).
The school district and the Cairo Chamber of Commerce argue, nevertheless, that the gravamen of the claims against Judy Lampman is not negligent supervision as such, but *397 negligently placing in her child’s hands an instrumentality alleged to be dangerous and defective. They assert that the claims are cognizable under Lalomia v Bankers & Shippers Ins. Co. (31 NY2d 830).
In that case, a 12-year-old boy and a woman, Jean Lalomia, were killed when the former’s motorized bicycle collided with the latter’s automobile. The complaint in the plaintiffs’ negligence action alleged that the father of the boy was guilty of negligence in placing a dangerous instrumentality in the possession and at the disposal of a 12-year-old boy, knowing that it could be used in a dangerous manner likely to cause harm to others. The court held that these allegations set forth a valid cause of action grounded in common-law negligence.
In the present case, upon a most liberal reading of the cross claims, there remains the decisive distinction that result of the parent’s alleged negligence in allowing the child to use the instrumentality was injury to the child, not injury to others. Only in the latter case, where injury to others results, do the facts alleged constitute a cause of action for negligence which may be asserted against the parent.
The allegation that a parent allowed a child to use a dangerous instrumentality is merely a specific way of stating the more general allegation that the parent was negligent by reason of improper supervision; the former allegation falls within the umbrella of the latter. This is made clear by reference to Holodook v Spencer (36 NY2d 35, 45, supra) where the court said, "Failure to supervise may entail legal consequences where injury to a third party results, for example, under circumstances where a parent negligently entrusts to a child a dangerous instrument, or an instrument potentially dangerous in the child’s hands, so as to create an unreasonable risk to others.”
The duty owed in the present case involved a parent’s duty to protect his child from injury — a duty, as the court stated in Holodook (supra), which not only arises from the family relation but goes to its very heart. A breach of this duty does not give rise to an action by the child against the parent.
The motion to dismiss the third-party action against Judy Lampman and to dismiss the cross claims is granted, without costs.