■ JON E. SCHARLACK, Respondent, v RICHMOND MEMORIAL HOSPITAL et al., Appellants, et al., Defendants. — In a medical malpractice action (1) defendant Richmond Memorial Hospital (the hospital) appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated December 7, 1982, which denied its motion for leave to take a further deposition of Helen Scharlack, the mother of the infant plaintiff, as a nonparty witness, and for an order directing her to execute authorizations to obtain copies of the medical records pertaining to herself and her three other children and which granted plaintiff's motion for a protective order against it, and (2) defendants Leroy Schwartz and John Randall appeal from an order of the same court, dated July 7, 1983, which

granted plaintiff's motion for a protective order against them and which denied their cross motion for an order compelling plaintiff to comply with their demand for authorizations to obtain the medical records of plaintiff's siblings. ¶ Order dated December 7, 1982, modified, by deleting therefrom the provision denying the hospital's motion and granting plaintiff's motion in their entirety and substituting therefor a provision denying the hospital's motion and granting plaintiff's motion only as to the hospital's request for the medical records of Susan and William Scharlack pertaining to matters other than their delivery and immediate postnatal care, and otherwise denying plaintiff's motion and granting the hospital's motion to the extent indicated herein. As so modified, order affirmed, without costs or disbursements. ¶ Order dated July 7, 1983 modified by deleting therefrom the provision granting plaintiff's motion and denying the cross motion of defendants Schwartz and Randall in their entirety and substituting therefor a provision granting plaintiff's motion and denying the cross motion only as to the medical records of Susan and William Scharlack pertaining to matters other than their delivery and immediate postnatal care, and otherwise denying plaintiff's motion and granting the cross motion to the extent indicated herein. As so modified, order affirmed, without costs or disbursements. ¶ Helen Scharlack's time to execute the authorizations in question is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. Moreover, Mrs. Scharlack shall submit to a further examination before trial, in accordance herewith, at a time and place to be fixed in a written notice of at least 10 days, to be given by the hospital to her, or at such time and place as the parties may agree. ¶ In the instant medical malpractice action, brought on behalf of the infant plaintiff, Jon Erik Scharlack, by his mother, Helen Scharlack, it is alleged that the negligence of the defendant Richmond Memorial Hospital (the hospital) and doctors, including Doctors Leroy Schwartz and John Randall, in rendering postnatal care to plaintiff resulted in serious and permanent injuries, including severe mental retardation and cerebral palsy. The appeals before us involve an application of the recent opinion of this court in *Hughson v St. Francis Hosp.* (93 AD2d 491), concerning the situation in which the mother of an infant plaintiff, whose birth defects allegedly resulted from negligent delivery and postnatal care, will be required to provide the defendants in a medical malpractice action with records relating to her own medical history, including prior pregnancies, and the medical histories of the plaintiff's older siblings, notwithstanding a claim that this information is exempt from disclosure pursuant to the physician-patient privilege (CPLR 4504, subd [a]). In *Hughson v St. Francis Hosp. (supra)* we establish a safeguard to prevent the plaintiff from manipulating the physician-patient privilege to obtain an unfair advantage at trial, whereby the plaintiff would be precluded from introducing evidence at trial concerning aspects of the mother's medical history and records which she had refused to reveal during pretrial disclosure proceedings on the ground that such information is protected by the physician-patient privilege. In the instant case, we reject the assertions of the hospital and Doctors Schwartz and Randall that a mother who has brought a medical malpractice action based upon the birth defects of her child may never invoke the physician-patient privilege to limit the disclosure of privileged aspects of her medical history and records, as well as the history and records of her other children. We conclude that defendants may not obtain pretrial disclosure of aspects of the medical history and records of Helen Scharlack and her three other children, Susan, Sandra and William, which are protected by the physician-patient privilege, absent a clear indication that the privilege has been waived, either by the patient or another person authorized to waive the privilege on his behalf. ¶ It must be emphasized that Mrs. Scharlack is named

as the plaintiff in the instant action only in her capacity as mother and natural guardian of the infant plaintiff, Jon Erik Scharlack, who is the real party in interest (see CPLR 1201; cf. *Pardee v Mutual Benefit Life Ins. Co.,* 238 App Div 294; *Donnelly v Donnelly,* 29 Misc 2d 469; *Arnold v Williams,* 17 Misc 2d 953). In this respect, Mrs. Scharlack's role in the instant litigation is no different than that of the plaintiff's father in *Hughson v St. Francis Hosp. (supra),* who brought the action on behalf of his infant daughter. A representative plaintiff like Mrs. Scharlack is not comparable to a party who has brought a personal injury or medical malpractice action on his own behalf and who is, thus, deemed to have waived the physician-patient privilege with respect to his own medical history and records by placing his physical and mental condition directly in issue in the litigation (see *Hoenig v Westphal,* 52 NY2d 605; *Pizzo v Bunora,* 89 AD2d 1013; *Cynthia B. v New Rochelle Hosp. Med. Center,* 86 AD2d 256, 260, affd 60 NY2d 452; *Dale v Sherman,* 75 AD2d 612). In a manner similar to the plaintiff's bill of particulars in *Hughson v St. Francis Hosp. (supra),* the plaintiff's bill of particulars at bar alleged that the acts of negligence by defendants included their failure to adequately ascertain relevant aspects of the medical history of Mrs. Scharlack and her family and to apply this knowledge in treating Jon Erik after his delivery. Nevertheless, we did not conclude in *Hughson v St. Francis Hosp. (supra),* that references to the medical history of the infant plaintiff's mother in the bill of particulars completely precluded her from invoking the physician-patient privilege during pretrial disclosure proceedings. Mrs. Scharlack's status as a nominal representative plaintiff does not compel a different result at bar. In her capacity as the mother of the infant plaintiff, Mrs. Scharlack can be deemed to have waived the physician-patient privilege only with respect to the medical history and records pertaining to the period when the infant plaintiff was *in utero,* during which time there could be no severance of the infant's prenatal history from his mother's medical history (see *Hughson v St. Francis Hosp.,* 93 AD2d 491, 500, supra; *Burgos v Flower & Fifth Ave. Hosp.,* 108 Misc 2d 225). ¶ This does not mean that Mrs. Scharlack could not waive the physician-patient privilege with respect to her own medical history and records and those of her minor or incompetent children by affirmatively indicating her intention to do so. In *Hughson v St. Francis Hosp. (supra,* p 500) we stated that waiver of the physician-patient privilege "occurs when the patient personally, or through his witnesses, either lay or medical, introduces testimony or documents concerning privileged information, or when the legal representative of a deceased patient presents such evidence. It also results from failure to object to disclosure of privileged information". In accordance with the above standard, we conclude that Mrs. Scharlack waived her right to assert the physician-patient privilege with respect to the records relating to her daughter, Sandra, who also suffers from mental retardation and cerebral palsy, when she answered questions concerning Sandra's condition at an examination before trial and when plaintiff's counsel offered to provide defendants with the medical records concerning the diagnosis of that condition. Therefore, Mrs. Scharlack, as Sandra's parent and natural guardian, is directed to execute the required authorizations to enable defendants to obtain the medical records concerning her pregnancy with Sandra and that child's delivery, postnatal care, diagnosis, continuing treatment and institutionalization. ¶ Mrs. Scharlack did not similarly waive her right to assert the physician-patient privilege with respect to the medical records of her other two children, Susan and William. Mrs. Scharlack was not authorized to waive the physician-patient privilege on behalf of Susan and William, who had apparently reached the age of majority at the time of their mother's examination before trial (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 4504.19). Additionally, the statement by plaintiff's

counsel that he would allow Mrs. Scharlack to answer questions at her examination before trial concerning any of her four children, in and of itself, did not constitute a waiver of the physician-patient privilege with respect to the medical history and records of Susan and William, absent any indication that appellants had requested such information during the examination and that Mrs. Scharlack had provided it without objection. Moreover, appellants have presented no evidence that the medical records of Susan and William, relating to aspects of their histories other than their delivery and immediate postnatal care, are material and necessary to the defense of this action (CPLR 3101, subd [a]). Therefore, appellants are not entitled to the medical records of Susan and William Scharlack, except for those records concerning their delivery and immediate postnatal care, which should be treated in the same manner as the medical records of their mother. ¶ Thus, Special Term should have granted the motion of the hospital insofar as it sought leave to further depose Mrs. Scharlack concerning her personal history as it relates to plaintiff's condition, and to direct her to furnish authorizations to enable appellants to obtain pertinent medical records, in accordance with the caveats contained in *Hughson v St. Francis Hosp.* (*supra*). Mrs. Scharlack is directed to submit to a further examination before trial at which she must answer "all pertinent questions pertaining to her physical condition, medical history, and family history prior to the time she gave birth to the infant plaintiff" (*Hughson v St. Francis Hosp., supra*, p 503). She is also directed to furnish authorizations to enable appellants to obtain any medical records concerning her own history which they request, including records pertaining to her prior pregnancies and to the delivery and immediate postnatal care of Susan and William. At her continued examination before trial, Mrs. Scharlack must answer all questions concerning information not protected by the physician-patient privilege. In accordance with the opinion in *Hughson v St. Francis Hosp.* (*supra*) Mrs. Scharlack may invoke the physician-patient privilege and decline to reveal to appellants information or medical records protected by it. ¶ If she avails herself of the privilege, however, the plaintiff will be precluded at trial from introducing any evidence against appellants of such privileged information through the testimony of Mrs. Scharlack, her physicians, her medical records or those of her family members "for any period other than when the infant plaintiff was *in utero*" (*Hughson v St. Francis Hosp., supra*, p 502). Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.