■ PAUL YETMAN, an Infant, by His Parent and Natural Guardian, HAROLD YETMAN, Appellant, v ST. CHARLES HOSP. et al., Respondents.—In an action to recover damages for medical malpractice, plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 12, 1984, which, *inter alia,* denied his motion to vacate a prior precalendar conference order which had directed him to provide defendants with duly executed authorizations permitting them to obtain obstetrical records of the infant plaintiff's mother, a nonparty to the action.

Order affirmed, with one bill of costs.

In this medical malpractice action brought on behalf of the plaintiff, Paul Yetman, by his father Harold Yetman, it is alleged that as a result of the negligence of the defendant doctors and hospital in the prenatal, labor and delivery and postnatal care of the infant plaintiff and his mother Nancy Yetman, the infant plaintiff suffered severe and irreparable injury, including permanent damage to his central nervous system. Based upon certain information obtained from the infant plaintiff's medical records regarding his mother's history of unsuccessful pregnancies, defendants sought to depose plaintiff's mother and obtain written authorizations for medical records relating to her other pregnancies. Plaintiff and his mother opposed defendants' request on the ground that such information was protected by the physician-patient privilege and, as a nonparty, the mother had not waived that privilege by placing her medical condition in issue. Following a precalendar conference, by order dated January 9, 1984, Special Term directed the mother to appear for examination and to provide medical authorizations for the obstetrical records of her pregnancies. Plaintiff then moved, *inter alia,* to vacate the order. Special Term denied this application, whereupon plaintiff took the instant appeal. We now affirm that determination.

Initially, we would point out that although precalendar conference orders are not appealable to this court as of right (CPLR 5701 [a] [2]), an appeal does lie from an order entered, as here, upon a formal motion on notice to vacate or modify such an order or particular provisions thereof (*Cohalan v Johnson Elec. Constr. Corp.,* 105 AD2d 770).

Plaintiff argues correctly that his mother's medical history as it relates to her pregnancies is a matter which falls within the scope of the physician-patient privilege (CPLR 4504). As this court has consistently held in cases of this nature where the infant plaintiff's mother is either a representative plaintiff or a nonparty, she had not placed her own medical history in issue and, accordingly, a waiver of her privilege may not be found on that basis (*see, Herbst v Bruhn,* 106 AD2d 546; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886; *Hughson v St. Francis Hosp.,* 93 AD2d 491). While case law clearly holds that the mother's medical records pertaining to the period when the infant plaintiff was *in utero* are discoverable based upon the theory of impossibility of severance (*Herbst v Bruhn, supra; Scharlack v Richmond Mem. Hosp., supra; Burgos v Flower & Fifth Ave. Hosp.,* 108 Misc 2d 225), her other medical records remain protected by the privilege. Therefore, absent a waiver of that privilege, defendants would be precluded from compelling her to answer questions at an examination before trial or to otherwise disclose information relating to her medical history. To the extent that the First Department's decision in *Williams v Roosevelt Hosp.* (108 AD2d 9) holds that the privilege extends only to production of medical records and not to testimony, we decline to follow it. We see no sound basis in law or reason for drawing such a distinction as to the scope of the privilege afforded to a patient's medical history (*see, Hughson v St. Francis Hosp., supra*). Where the privilege has not been waived, the defendant's remedy is to preclude the infant plaintiff from introducing evidence concerning matters as to which the privilege has been asserted (*Hughson v St. Francis Hosp., supra*). Understandably, that remedy has certain shortcomings as applied in a case such as this where the defendants seek material which may very well be adverse to the plaintiff's cause.

On the record before us, however, we conclude that the plaintiff's mother has waived her physician-patient privilege as to her other pregnancies. We base our conclusion, in part, upon the fact that the mother, prior to the commencement of this litigation, revealed her past medical history, and, in particular, her history of numerous miscarriages, to various physicians for the purpose of aiding in the treatment of the infant plaintiff during the years subsequent to his birth. Significantly, this information was furnished by the mother, not in confidence with respect to treatment being provided to her, but rather in connection with the treatment of the infant plaintiff. Moreover, in her affidavit in support of the instant

application, the mother averred—in contradiction to her previous statements—that she had had only one pregnancy prior to the birth of the infant plaintiff and that she had never had any dilation and curettage procedures performed. These facts, in our view, constitute a waiver of the mother's privilege with respect to her pregnancies sufficient to justify defendants' inquiry of her as to the details thereof (*see, Herbst v Bruhn, supra; Scharlack v Richmond Mem. Hosp., supra*). We are also satisfied that defendants have clearly established through expert opinion that the material sought is both relevant and necessary to the defense of the action (CPLR 3101 [a]; *cf. Herbst v Bruhn, supra*).

We have examined plaintiff's other contentions and find them to be without merit. Accordingly, we affirm Special Term's order. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.