■ MICHAEL SIBLEY, an Infant, by His Mother and Natural Guardian, LYNDA R. SIBLEY, Respondent, v HAYES 73 CORPORATION, Doing Business as PHYSICIAN'S HOSPITAL, Defendant, and ALFRED S. SCHLOSS et al., Appellants.—In an action to recover for medical malpractice, the defendants Alfred Simon Schloss, M.D., and Albert D. Weisz, M.D., appeal from so much of an order of the Supreme Court, Queens County (Graci, J.), dated August 5, 1985, as denied their cross motion for an order directing the plaintiff to provide authorizations permitting them to obtain the medical records of the infant plaintiff's mother.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant medical malpractice action was instituted on behalf of the infant plaintiff by his mother, Lynda Sibley, against the appellants Physician's Hospital, the obstetrician Dr. Alfred Schloss and the pediatrician Dr. Albert Weisz. It is alleged that as a result of the negligence of the appellant doctors and hospital in the prenatal, and postnatal care, the infant plaintiff, *inter alia,* sustained injuries to his central nervous system. The plaintiff's bill of particulars alleged that the acts of negligence by the appellants included their failure "to take and record the patient's symptoms, history of present

illness, family history, social history, medical history, and a careful, full and complete review of systems", and further alleged the appellants' failure "to read and review past and current medical and hospital records, so as to be cognizant and aware of the mother's and infant's condition and progress".

The appellants sought to obtain authorizations for medical records relating to the medical history of the infant plaintiff's mother, Lynda Sibley, including the period both prior to and subsequent to her pregnancy with the infant plaintiff. By order dated August 5, 1985, Special Term denied the appellants' application for production of the medical authorizations. This appeal ensued.

This court has consistently held that a plaintiff who sues in a representative capacity as mother and natural guardian of an infant does not thereby place her own medical history in issue and waive her physician-patient privilege (see, e.g., Yetman v St. Charles Hosp., 112 AD2d 297, 298; Herbst v Bruhn, 106 AD2d 546, 547; Schlarlack v Richmond Mem. Hosp., 102 AD2d 886). The plaintiff has conceded both before Special Term and on appeal that the mother's medical records pertaining to the period when the infant was in utero are discoverable on the ground that there can be no severance of the infant's prenatal history from his mother's medical history (see, Yetman v St. Charles Hosp., supra; Herbst v Bruhn, supra; Schlarlack v Richmond Mem. Hosp., supra). With respect to the mother's other medical records, the plaintiff argues correctly that they remain protected by the physician-patient privilege (CPLR 4504).

The appellants argue, however, that the privilege was waived by the allegations in the plaintiff's bill of particulars which refer to the mother's medical history. The appellants further argue that a letter of July 11, 1984, from the law firm representing the plaintiff, indicating that the remaining authorizations requested by the appellants would be forthcoming constitutes a waiver of the privilege. We disagree.

In neither Hughson v St. Francis Hosp. (93 AD2d 491) nor Schlarlack v Richmond Mem. Hosp. (supra) did this court find a waiver of the privilege on the basis of references to a mother's medical history, similar to those involved at bar, in the plaintiff's bill of particulars. In addition, the privilege is personal to the mother and could not be waived in the manner suggested by the appellants (i.e., by the July 11, 1984 letter). Our examination of the record reveals nothing which

could be deemed a waiver of the mother's privilege with respect to medical records for any period other than when the infant plaintiff was *in utero.*

Assuming, arguendo, a waiver of the mother's privilege with respect to her entire medical history could be found upon this record, the appellants have presented no evidence that the medical records sought relating to the mother's medical history, other than for the period when the infant plaintiff was *in utero,* are relevant to the issue in controversy and are material and necessary to the defense of this action (CPLR 3101 [a]; *see, Herbst v Bruhn,* 106 AD2d 546, *supra; Schlarlack v Richmond Mem. Hosp.,* 102 AD2d 886, *supra).* Therefore, the appellants would not be entitled to those medical records. We note that the testimony of the mother at her deposition, which the appellants maintain develops the relevance of the requested records to the action, occurred subsequent to entry of the order in issue on this appeal and is not part of the record on appeal.

In accordance with this court's opinion in *Hughson v St. Francis Hosp. (supra),* if the mother continues to invoke her physician-patient privilege, the plaintiff will be precluded at trial from introducing evidence concerning matters as to which the privilege has been asserted *(see also, Yetman v St. Charles Hosp., supra; Schlarlack v Richmond Mem. Hosp., supra).*

As a final note, we conclude, contrary to the appellants' contention, that the recent Court of Appeals decision in the case of *Williams v Roosevelt Hosp.* (66 NY2d 391) does not govern the issue presented on the instant appeal. *Williams* involved the question of whether a nonparty mother in a medical malpractice action alleging negligence in the obstetrical care provided her infant son may refuse to testify as to relevant facts concerning her prior medical history and the birth and physical condition of her two eldest children. The Court of Appeals answered in the negative, holding that the physician-patient privilege did not protect "the mere facts and incidents of a person's medical history" *(Williams v Roosevelt Hosp., supra,* at p 396). In contrast, the case at bar involves a request for authorizations to obtain medical records which will likely contain not only facts as to the mother's medical history but also information furnished to the physician in confidence and which, therefore, are protected by the physician-patient privilege. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.