■ ANASTASIA McGOLDRICK, Individually and as Parent and Natural Guardian of WALTER McGOLDRICK, an Infant, Respondent, v WHITNEY M. YOUNG, JR., HEALTH CENTER, INC., et al., Defendants, and ST. PETER'S HOSPITAL, Appellant.—Weiss, J. Appeal from that part of an order of the Supreme Court (Doran, J.), entered December 15, 1987 in Albany County, which partially denied a motion for discovery by defendant St. Peter's Hospital.

Plaintiff commenced this action to recover for the injuries sustained by her son, Walter McGoldrick, at birth on August 6, 1985. The complaint sounds in medical malpractice and includes a cause of action for lack of informed consent (see, Public Health Law § 2805-d). The instant controversy centers on the application by defendant St. Peter's Hospital (hereinafter defendant) pursuant to CPLR 3121, for an order compelling plaintiff to furnish a written authorization enabling the hospital to obtain all of plaintiff's medical records relative to her treatment at Capital District Psychiatric Center (hereinafter CDPC). Supreme Court granted the application but only as to medical records covering the period in which the infant was in utero (see, Cardillo v Hillcrest Gen. Hosp.—GHI Group Health, 134 AD2d 229, 230; Scharlack v Richmond Mem. Hosp., 102 AD2d 886, 888; Hughson v St. Francis Hosp., 93 AD2d 491, 500). Defendant has appealed from so much of the order as denied it access to plaintiff's entire CDPC medical history.

We affirm. Pursuant to CPLR 3121, a party who places his or her physical or mental condition "in controversy" may be compelled to provide written authorizations for the discovery

of relevant hospital records *(see, Koump v Smith,* 25 NY2d 287, 295; *Watson v State of New York,* 53 AD2d 798, 799). Defendant maintains that by pursuing a claim for lack of informed consent, plaintiff has placed her mental condition "in controversy" within the meaning of CPLR 3121 and should be compelled to disclose her full medical history. Defendant's underlying thesis is that an assessment of plaintiff's mental capacity must be made in order to gauge the adequacy of the information disclosed. We recognize that the language utilized in Public Health Law § 2805-d (1) and (3) suggests that a particular patient's subjective ability to make an informed decision is relevant *(see,* 1 NY PJI 2d 248 [1988 Supp]). The appropriate inquiry on an informed consent claim, however, is whether a "reasonably prudent person in the patient's position" would have undergone the treatment when informed of the potential consequences (Public Health Law § 2805-d [3]; *see,* 1 NY PJI2d 246, 249 [1988 Supp]). This standard is objective *(ibid.).*

Moreover, we cannot agree that plaintiff has affirmatively placed her mental condition in issue so as to waive the privilege attendant a physician- or psychologist-patient relationship *(see,* CPLR 4504, 4507; *see also, Koump v Smith, supra,* at 294; *Dillenbeck v Hess,* 140 AD2d 766). In her pleadings, no claim is made that plaintiff was mentally incapable of understanding her medical situation but only that defendants failed to disclose the prevailing risks. In any event, disclosure has been properly authorized for the period in which the infant was in utero and an assessment of plaintiff's mental capacity could be made from any contemporaneous records obtained. Consequently, we find that Supreme Court properly exercised its broad discretion in limiting disclosure to the in utero time frame *(see, Bloss v Ford Motor Co.,* 126 AD2d 804, 805).

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.