Tyler VINCENT, et al., Plaintiffs,

v.

CONNAUGHT LABORATORIES, INC., et al., Defendants.

No. 88–2105–C–5.

United States District Court, E.D. Missouri, E.D.

April 11, 1990.

Stephen H. Ringkamp, Hullverson, Hullverson and Frank, St. Louis, Mo., for plaintiffs.

Barry L. Smith, Tulsa, Okl., Michael H. Wetmore, David W. Sobelman, Popkin and Stern, St. Louis, Mo., Mike Barkley, Pete Silva James W. Connor and Jay B. White, Barkley, Rodolf, Silva, McCarthy and Rodolf, Tulsa, Okl., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

Plaintiff Tyler Vincent is an infant who suffered severe and permanent brain damage. Plaintiffs Thomas Vincent and Mary Jean Vincent are the parents of Tyler Vincent. Plaintiffs allege that Tyler Vincent's brain damage was caused by a defective diphtheria, pertussis, and tetanus vaccine ("vaccine") manufactured by defendants. Defendants, however, claim that Mary Jean Vincent may possess a blood condition which caused Tyler Vincent's brain damage.

This cause is before the Court on defendants' motion to compel Mary Jean Vincent to permit discovery of her pregnancy and birth records for her five children born before Tyler Vincent. Mary Jean Vincent has agreed to permit discovery of her medical records for the birth of Tyler Vincent, but will not permit discovery concerning the pregnancy and births of her children born before Tyler Vincent.

■ It is clear that the medical records sought by Connaught are relevant under the standard of Fed.R.Civ.P. 26. Mary Jean Vincent, however, asserts that these records are protected from discovery by the physician-patient privilege of Rev. Stat.Mo. § 491.060(5), which provides:

■ The following persons shall be incompetent to testify:

* * * *

(5) A physician licensed under Chapter 334, RSMo, a licensed psychologist or a dentist licensed under Chapter 332, RSMo, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe and provide treatment for such patient as a physician, psychologist or dentist.

The physician-patient privilege is for the benefit of the patient and may be waived by her. *State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo.1968) (*"Keet"*). Plaintiff may also be deemed to waive the physician-patient privilege by bringing a suit which places her physical condition in issue. In *Keet*, the court stated:

[O]nce the matter of plaintiff's physical condition is in issue under the pleadings, plaintiff will be considered to have waived the privilege under § 491.060(5) so far as information from doctors or medical or hospital records bearing on that issue is concerned.

432 S.W.2d at 601.

Thomas Vincent and Mary Jean Vincent seek to recover damages on the derivative claims of loss of services and medical care of the child. Plaintiffs assert that *Keet* does not apply because Mary Jean Vincent has not claimed that she has been physically injured by defendants and therefore has not placed her physical condition into issue. Defendants, however, assert that the physical condition of Mary Jean Vincent and Tyler Vincent are so intertwined for purposes of this claim that Mary Jean Vincent has in fact placed her physical condition into issue.

The courts of the State of Missouri have not yet addressed the issue presented in

the instant matter. The courts of the State of New York, however, have confronted a similar issue. In *Hughson v. St. Francis Hospital of Port Jervis*, 93 A.D.2d 491, 463 N.Y.S.2d 224 (1983), a father sued as representative of an infant who was allegedly injured by defendants' prenatal and delivery care. Defendants sought to depose the mother regarding her medical history both prior to and subsequent to the birth of the injured infant. The infant's mother, who was not a party to the action, invoked the protection of New York's physician-patient privilege. Defendants argued that although the action was brought by the father on behalf of the infant plaintiff, it was the care given to the mother as well as her genetic and physical history that was really in question. 463 N.Y.S.2d at 228.

The *Hughson* court stated that the mother of the infant possessed an unfair advantage because she could testify about the privileged information and defendant would not have access to this information until it was presented at trial. Therefore, the *Hughson* court fashioned a compromise to relieve the inequity. If the mother intended to testify about any issue that was privileged, she had to waive her physician-patient privilege before trial as to any of these issues. The mother of the infant was not permitted to testify as to any issues for which the physician-patient privilege had not been waived. In *Scharlack v. Richmond Memorial Hospital*, 102 A.D.2d 886, 477 N.Y.S.2d 184, 188 (1984), the court extended the *Hughson* compromise to a case in which the mother of the infant was a party to the action suing in a representative capacity for the injuries of the child.

This Court declines to adopt the compromise set forth in *Hughson* and *Scharlack* for two reasons. First, the nature of the mother's claim in *Scharlack* and Mary Jean Vincent's claim in the instant matter are fundamentally different. In *Scharlack* the mother did not claim any injuries on her own behalf but was suing only as a representative of the minor child. Mary Jean Vincent, however, is suing in her own right on the derivative claims of loss of services and medical care. Therefore, Mary Jean Vincent and Tyler Vincent are both claim-

ing to have been damaged by defendants' vaccine. It is unfair for Mary Jean Vincent to assert a derivative claim for damages arising out of Tyler Vincent's injuries and protect from discovery facts which might prove that she is legally at fault. By asserting a derivative claim for damages, Mary Jean Vincent has placed her physical condition and medical history into issue.

Second, the alleged source of the infants' injuries in the New York cases made the compromise crafted by the New York courts an equitable solution. In *Scharlack*, the plaintiffs claimed that the infant was injured by the doctor's prenatal and delivery care. Therefore, the mother had incentive to waive the physician-patient privilege. In the instant matter, plaintiffs allege the injury occurred due to a vaccination administered after birth. Therefore, Mary Jean Vincent would gladly forego testifying about any time period before the birth of Tyler Vincent.

The physician-patient privilege was not created to allow one party to exercise an advantage over another in litigation. Since the claims of Mary Jean Vincent are only derivative in nature, the Court will not order Mary Jean Vincent to completely waive her physician-patient privilege to allow defendants to engage in a fishing expedition for remote causes of Tyler Vincent's brain damage.

Defendants have articulated a possible cause of the brain damage which involved the "sensitization" of Mary Jean Vincent's blood. Defendants need to examine Mary Jean Vincent's medical records with respect to her five children born before Tyler Vincent in order to effectively explore this defense to liability. Defendants seek for the Court to (a) direct plaintiffs to execute a medical authorization in favor of defendants allowing defendants to gather *all* prenatal and birth records of Mary Jean Vincent under *State ex rel. Tally v. Grimm*, 722 S.W.2d 604 (Mo.1987), or (b) declare the medical privilege waived as a matter of law by reason of the issues presented in this action, with proper limiting language. The Court will order plaintiffs to execute a medical authorization in

favor of defendants allowing defendants to gather all prenatal and birth records of Mary Jean Vincent for Tyler Vincent and her five children born before Tyler Vincent. Plaintiffs' counsel may draft a protective order to insure that plaintiffs are protected from any unnecessary distribution or dissemination of the information.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to compel is GRANTED. Plaintiff shall execute a medical authorization in favor of defendants allowing defendants to gather *all* prenatal and birth records of Mary Jean Vincent for Tyler Vincent and all children born before Tyler Vincent.