■ NORMAN GREENSPAN, Individually and as Executor of FAY GREENSPAN, Deceased, Respondent, v EAST NASSAU MEDICAL GROUP et al., Appellants. [611 NYS2d 580] —In an action to recover damages for wrongful death and personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 14, 1991, as denied their motion to compel the plaintiff Norman Greenspan to submit to a further examination before trial.

Ordered that on the Court's own motion, the appellants'

notice of appeal is treated as an application for leave to appeal, and the application is granted *(see, Simon v Massapequa Gen. Hosp.,* 167 AD2d 533; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted, and the plaintiff Norman Greenspan is directed to submit to a further examination before trial at the time and place specified in a written notice of at least 10 days or at such other time and place as the parties shall agree.

An award of damages in a wrongful death case is limited to the fair and just compensation for the pecuniary injuries resulting from the death of the decedent "to the persons for whose benefit the action is brought" (EPTL 5-4.3). In determining fair and just compensation, the finder of fact is traditionally asked to consider numerous factors including the age, health, and life expectancy of the decedent at the time of injury, the decedent's future earning capacity "and the number, age, *and health* of the decedent's distributees" *(Johnson v Manhattan & Bronx Surface Tr. Operating Auth.,* 71 NY2d 198, 203-204; *see also,* PJI 2:320 [1993 Supp]).

Although the plaintiff Norman Greenspan has not waived his physician-patient privilege merely by commencing this action *(see, Scalone v Phelps Mem. Hosp. Ctr.,* 184 AD2d 65), we conclude that the status of his health remains at issue in the lawsuit *(see, Dillenbeck v Hess,* 73 NY2d 278) and is a proper subject for inquiry in an examination before trial. Unlike in *Scalone v Phelps Mem. Hosp. Ctr. (supra,* 184 AD2d 65) where the defendants sought access to confidential medical records and communications cloaked by the physician-patient privilege *(see also, Sibley v Hayes 73 Corp.,* 126 AD2d 629, 631), the line of inquiry here was limited to the facts and incidents of Norman Greenspan's medical condition and general health. Such an inquiry would not abridge his physician-patient privilege *(see, Williams v Roosevelt Hosp.,* 66 NY2d 391, 396-397), and should have been permitted by the court.

Additionally, the court should have permitted inquiry as to collateral source payments within the purview of CPLR 4545 (c) *(see, Scalone v Phelps Mem. Hosp. Ctr., supra,* at 74-75). Under the circumstances, we find that the appellants are also entitled to conduct a further examination before trial with regard to this information. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.