■ Daniel Teresi, an Infant, by His Parent and Natural Guardian, Anne M. Teresi, et al., Respondents, v Michael Grecco et al., Appellants. [615 NYS2d 893] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered June 25, 1992, which denied their motion to compel the plaintiff Anne Marie Teresi to provide authorizations for the release of her obstetrical records for pregnancies subsequent to the birth of the infant plaintiff Daniel Teresi.

Ordered that the order is affirmed, with costs.

This medical malpractice action was commenced on behalf of the infant plaintiff by his parents, Anne Marie and Agos-

tino Teresi. Mr. and Mrs. Teresi also asserted a derivative cause of action in their individual capacities to recover damages for loss of services and medical expenses. In their bill of particulars, the plaintiffs alleged that the defendants were negligent, *inter alia,* in failing to note Mrs. Teresi's medical history. The defendants sought to compel Mrs. Teresi to provide authorizations for release of her obstetrical records for pregnancies subsequent to the birth of the infant plaintiff. The Supreme Court denied the defendants' motion, finding that the records were protected by the physician-patient privilege. We affirm.

A plaintiff who sues in a representative capacity as the mother of an infant and alleges in the bill of particulars a failure to ascertain and evaluate her medical history does not waive her physician-patient privilege *(see, Sibley v Hayes 73 Corp.,* 126 AD2d 629; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886; *Hughson v St. Francis Hosp.,* 93 AD2d 491). The fact that Mrs. Teresi has also asserted a derivative cause of action in her individual capacity together with her husband does not compel a different conclusion *(see, Scalone v Phelps Mem. Hosp. Ctr.,* 184 AD2d 65). By asserting a derivative cause of action, Mrs. Teresi did not place her physical condition in issue. Consequently, she was entitled to invoke the physician-patient privilege. The plaintiffs will, however, be precluded from introducing evidence at trial concerning matters as to which the privilege has been asserted *(see, Hughson v St. Francis Hosp., supra).* Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.