■ LAUREN BOLOS, an Infant, by Her Mother and Natural Guardian, RANDI BOLOS, et al., Respondents, v STATEN ISLAND HOSPITAL, Also Known as STATEN ISLAND UNIVERSITY HOSPITAL NORTH, et al., Appellants. [629 NYS2d 809] —In a medical malpractice action, the defendants appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated February 17, 1994, which granted the plaintiffs' motion for reargument of the defendants' motion for a further deposition of the plaintiff Randi Bolos, and, upon reargument, limited the scope of the deposition.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see*, CPLR 5701 [c]; *Simon v Massapequa Gen. Hosp.*, 167 AD2d 533); and it is further,

Ordered that the order is modified by deleting therefrom the following language: "her condition for the period of her pregnancy only", and substituting therefor the following: "relevant medical incidents or facts concerning herself and her children"; as so modified, the order is affirmed, without costs or disbursements.

It is well settled that motions for reargument are addressed to the sound discretion of the trial court and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (*see, Loland v City of New York*, 212 AD2d 674; *Three Bros. Estates v Guli*, 205 AD2d 525; *Ebasco Constructors v A.M.S. Constr. Co.*, 195 AD2d 439). Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion when it granted the plaintiffs' motion for reargument.

We find, however, that the Supreme Court improperly limited the scope of the questioning of the mother about her medical history to the period of time when the infant plaintiff was *in utero*. The Court of Appeals has expressly stated that: "A witness at an examination before trial in a medical mal-

practice action may invoke the physician-patient privilege (CPLR 4504) to avoid revealing the substance of confidential communications made to her physician, but may not refuse to testify as to relevant medical incidents or facts concerning herself or her children" (*Williams v Roosevelt Hosp.*, 66 NY2d 391, 393).

Thus, a witness may not refuse to answer questions regarding matters of fact such as, for example: "whether her children had any physical or congenital problems, whether she was in the care of a physician or was taking medication during a certain period of time, or concerning the facts surrounding an abortion merely because those topics relate to events that required medical care or advice from a physician" (*Williams v Roosevelt Hosp., supra*, at 397).

While the mother was allowed to answer some factual questions, she was prevented by counsel from answering many other questions about "the mere facts and incidents of a person's medical history" (*Williams v Roosevelt Hosp., supra*, at 396). Thus, the defendants should have the option of conducting a further deposition of the mother limited solely to "relevant medical incidents or facts concerning herself or her children" (*Williams v Roosevelt Hosp., supra*, at 393).

However, the court properly denied the defendants' motion to compel the mother to provide authorizations for the release of medical records pertaining to her entire medical history and the medical history of the infant plaintiff's brother. The rule enunciated in *Williams v Roosevelt Hosp.* concerned the scope of questioning at a deposition and has not been extended to the disclosure of all medical records. By suing in her representative capacity as the mother of the infant plaintiff, the mother did not waive her physician-patient privilege with respect to the medical records concerning her medical history outside the period of the subject pregnancy (*see, Teresi v Grecco*, 206 AD2d 517). Nor did she place her physical condition in controversy by asserting a derivative cause of action for medical expenses and loss of services (*see, Teresi v Grecco, supra*) or by including a cause of action for lack of informed consent (*see, McGoldrick v Whitney M. Young, Jr., Health Ctr.*, 144 AD2d 156).

Further, there is nothing else in the complaint or the bill of particulars which could be deemed a waiver of the mother's privilege with respect to her medical records for any period other than when the infant plaintiff was *in utero* (*see, Sibley v Hayes 73 Corp.*, 126 AD2d 629).

We note that the plaintiffs will, however, be precluded from introducing evidence at trial concerning matters as to which

the physician-patient privilege has been asserted (*see, Teresi v Grecco, supra*). Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.