OPINION OF THE COURT
Nicholas A. Clemente, J.
The defendant hospital moves for disclosure of records of the parents of the infant and an order reserving the right for a continued examination of them. Defendants, Drs. Melnick and Grassi, request the same relief in their cross motion. The plaintiffs, in their first cross motion, seek a protective order against the disclosure demanded by defendants. In their second cross motion, plaintiffs seek sanctions against counsel for defendants Drs. Melnick and Grassi for an alleged distortion or invention of the facts in the depiction of the home life of the infant.
The infant, Robert Siesto, was born on May 30, 1983 at defendant hospital. As a result of the alleged negligence and omissions of the defendants (in not detecting the infant’s hypothyroid condition immediately after his birth), the infant suffers from a variety of afflictions: mental retardation, cerebral palsy, developmental difficulties, gross motor problems, ophthalmological damage, and an inability to take care of himself.
In support of their motions, the defendants point to a statement made by the infant’s mother to the staff at New York Hospital, contending that she was the victim of three acts of domestic violence by the infant’s father within the past 10 years that may have been witnessed by the infant.
Based upon the mother’s statement, defendants have requested that the infant’s parents execute a series of authorizations for the release of all information by two social workers, psychological and mental health care providers, social service agencies, and the Police Department of the City of New York. The defendants thereby hope to accumulate alleged facts of domestic violence in an effort to show that the infant’s behavioral problems are caused not by the defendants’ alleged *920 negligence, but by the trauma of a child who witnesses domestic abuse.
The first question is whether such records are discoverable even if they are material.
A plaintiff who sues in a representative capacity as a parent and natural guardian of an infant does not thereby place his or her own medical history in issue and thereby waive the physician /patient privilege (see, Bolos v Staten Is. Hosp., 217 AD2d 643, 644 [2d Dept]; Sibley v Hayes 73 Corp., 126 AD2d 629, 630). The mother’s medical records pertaining to the period of time when the infant was in útero are, of course, discoverable on the ground that there can be no severance of the infant’s parental history from the mother’s history (Napoleoni v Union Hosp., 207 AD2d 660; Sibley v Hayes 73 Corp., supra; Rubino v Albany Med. Ctr. Hosp., 126 Misc 2d 204, 206). None of the records demanded by the defendants, however, were taken during the time that the infant was in utero.
For the periods before and after the pregnancy, such disclosure is available only upon a finding of waiver by the parents of confidentiality of medical records (see, Sibley v Hayes 73 Corp., supra). Such waiver cannot be inferred where, as here, the parents sue only in a representative capacity as the infant’s parents and natural guardians (see, Bolos v Staten Is. Hosp., supra; Sibley v Hayes 73 Corp., supra).
The disclosure demanded by defendants thus conflicts with New York’s patient/psychotherapist privilege, which is recognized in three statutes: CPLR 4504 (confidences to a psychiatrist), 4507 (confidences to a psychologist) and 4508 (confidences to a certified social worker, subject to exceptions that are not applicable here). Imbedded in these three statutes is the recognition that such professionals could not provide the service of mental and emotional healing unless their patients "opened up” to them, disclosing innermost secrets, longings and conflicts of the individual’s psyche. Without such frank disclosure by the patient, the rewarding fruits of a psychotherapist’s careful and important work can never be realized (see, Williams v Roosevelt Hosp., 66 NY2d 391, 395).
The assertion of a physician / patient or psychotherapist privilege, however, bars only the revelation of confidences made by the patient to the treating professional. It will not preclude questioning regarding relevant incidents and concrete, discernible facts (see, Williams v Roosevelt Hosp., supra; accord, Bolos v Staten Is. Hosp., supra, at 644).
*921 As noted in Bolos v Staten Is. Hosp. (supra), the lower court properly denied the defendants’ motion to compel authorizations for medical records pertaining to history and that of the plaintiff infant’s brother. The court did allow, however, the defendants the option of a further deposition of the parents limited solely to relevant incidents or facts, and not extending to the divulgence of confidences (supra, at 644).
Thus, the next question becomes: Are the defendants entitled to further depositions on the question of domestic abuse on the grounds of relevancy?
At first blush, it would seem appropriate to order further depositions on the ground that it might result in the disclosure of relevant evidence reasonably calculated to lead to the discovery of information bearing on the defense to plaintiff’s claim (see, CPLR 3101 [a]).
The court is cognizant that a child who witnesses any form of abuse upon a parent or a sibling may carry deep psychological scars. The defendants, however, are not contending that the witnessing of alleged domestic violence resulted in the infant’s alleged conditions of mental retardation, cerebral palsy, and gross motor disfunction. Rather, they are contending that such actions could be a factor in the infant’s behavior problems. Stated otherwise, the issue is not causation but exacerbation.
Given the nature of the infant’s injuries and the fact that a defendant is responsible not only for an injury, but the sequelae thereof (see, Suria v Shiffman, 67 NY2d 87; Milks v McIver, 264 NY 267), it follows that by allowing further depositions, defendants could only obtain information which relate not to the claim but to the alleged actions of potential subsequent tortfeasors (who are not parties to the action except in their representative capacity). Even then, the defendants would be stymied because if a child has no claim against a parent, then a third party may have no right to contribution against the parent (see, Lampman v Cairo Cent. School Dist., 81 Misc 2d 395).
Therefore, any depositions of the parents would not lead to the disclosure of evidence relevant in this case.
Accordingly, the two motions by defendants, Lenox Hill Hospital and Drs. Melnick and Grassi, each for an order compelling plaintiff infant’s parents to sign authorizations, and reserving defendants’ rights to further examinations before trial of the two parents of the infant, are denied.
*922 Plaintiffs’ motion for a protective order is granted but their motion for monetary sanctions is denied.
Settle order on notice.