■ ROSE MURPHY et al., Respondents, v ANTHONY LoPRESTI et al., Appellants. [648 NYS2d 169] —In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated August 14, 1995, as denied that branch of their motion which was to compel the plaintiff Rose Murphy to provide authorizations for the release

of her medical records outside the period of the subject pregnancy.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the order in question is appealable as of right since it affects a substantial right of the defendants (*see,* CPLR 5701 [a] [2] [v]; *Donald Rubin, Inc. v Schwartz,* 220 AD2d 323). However, the Supreme Court properly denied that branch of the defendants' motion which was to compel the plaintiff mother to provide authorizations for the release of medical records outside of the period of the subject pregnancy. By suing in her representative capacity as the mother of the infant plaintiff, the mother did not waive her physician-patient privilege even though she alleged in the bill of particulars that the defendants failed to record or appreciate her medical history (*see, Teresi v Grecco,* 206 AD2d 517; *Sibley v Hayes 73 Corp.,* 126 AD2d 629; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886; *Hughson v St. Francis Hosp.,* 93 AD2d 491). Nor does the assertion of a derivative cause of action in the mother's individual capacity together with the father constitute a waiver since she did not place her physical condition in issue (*see, Bolos v Staten Is. Hosp.,* 217 AD2d 643; *Teresi v Grecco, supra*).

We note that the plaintiffs will, however, be precluded from introducing evidence at trial concerning matters as to which the physician-patient privilege has been asserted (*see, Bolos v Staten Is. Hosp., supra*). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.