■ GLORIA STEINHAUSER et al., Respondents, v JOHN RUPPE et al., Appellants. [671 NYS2d 315] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 23, 1997, which denied their motion to compel the plaintiff Arthur Steinhauser to comply with their demand for authorizations to obtain his medical records.

Ordered that the order is affirmed, with costs.

The fact that the plaintiff Arthur Steinhauser asserted a derivative cause of action for loss of services and for his wife's medical expenses did not place his physical condition in issue, nor did it waive his physician-patient privilege (see, *Bolos v Staten Is. Hosp.,* 217 AD2d 643; *Teresi v Grecco,* 206 AD2d 517). In addition, we reject the defendants' contention that Mr. Steinhauser waived the privilege by testifying as to his medical condition at his examination before trial. Prior to the examination before trial, the parties entered into a stipulation reserving all rights and objections, except objections as to form. Thus, by failing to make an objection at the time of the examination before trial, Mr. Steinhauser did not waive his right to later assert the physician-patient privilege (see, CPLR 3115 [a]). The plaintiffs will, however, be precluded from introducing evidence at trial concerning matters as to which the privilege has been asserted (see, *Teresi v Grecco, supra,* at 518; *Hughson v St. Francis Hosp.,* 93 AD2d 491). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.