■ CHRISTINE ROMAN, an Infant, by Her Mother and Natural Guardian, DALILA OQUENDO, et al., Respondents, v TURNER COLOURS, INC., Defendant, and JAFTEX CORP., Appellant. (And a Third-Party Action.) [682 NYS2d 609] —In an action to recover damages for medical malpractice and products liability, etc., the defendant Jaftex Corp. appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated July 7, 1997, as denied those branches of its motion which were to compel the plaintiffs to execute authorizations for the release of (1) the medical records of the infant plaintiff's siblings, (2) the medical records of the infant plaintiff's father, and (3) records pertaining to the medical treatment and history of the plaintiff Dalila Oquendo.

■ CHRISTINE ROMAN, an Infant, by Her Mother and Natural Guardian, DALILA OQUENDO, et al., Respondents, v TURNER COLOURS, INC., Defendant, and JAFTEX CORP., Appellant. (And a Third-Party Action.) [681 NYS2d 69] —In an action to recover damages for medical malpractice and products liability, etc., the defendant Jaftex Corp. appeals from an order of the

Supreme Court, Kings County (Rappaport, J.), dated December 1, 1997, which, upon renewal, adhered to its prior determination in an order dated July 7, 1997, which denied those branches of the appellant's motion which were to compel the plaintiffs to execute authorizations for the release of (1) the medical records of the infant plaintiff's siblings, (2) the medical records of the infant plaintiff's father, and (3) records pertaining to the medical treatment and history of the plaintiff Dalila Oquendo.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied those branches of the appellant's motion which were to compel the plaintiff Dalila Oquendo (hereinafter the mother) to provide authorizations for the release of medical records outside the period of time covered by the subject pregnancy. By suing in her representative capacity as the mother of the infant plaintiff, the mother did not waive her physician-patient privilege (*see, Murphy v LoPresti,* 232 AD2d 461, 462; *Bolos v Staten Is. Hosp.,* 217 AD2d 643, 644; *Teresi v Grecco,* 206 AD2d 517, 518; *Sibley v Hayes 73 Corp.,* 126 AD2d 629; *Yetman v St. Charles Hosp.,* 112 AD2d 297; *Herbst v Bruhn,* 106 AD2d 546; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886). Nor did she place her physical condition in controversy by asserting a derivative cause of action for loss of services (*see, Bolos v Staten Is. Hosp., supra*; *Teresi v Grecco, supra*). Moreover, the information revealed by the mother to the infant plaintiff's physician constitutes mere facts and incidents of the medical history of the mother's family, and thus does not constitute privileged material (*see, Williams v Roosevelt Hosp.,* 66 NY2d 391). Since this medical history information was not privileged, the mother cannot be said to have waived the physician-patient privilege as to her medical records by voluntarily revealing it (*see, Wepy v Shen,* 175 AD2d 124; *Cardillo v Hillcrest Gen. Hosp.,* 149 AD2d 454).

Furthermore, the defendant is not entitled to authorizations for the release of the medical records of the infant plaintiff's siblings and father, who are not parties to the instant action and whose medical records are therefore similarly protected by the physician-patient privilege (*see, Dalley v LaGuardia Hosp.,* 130 AD2d 543, 544).

We note that the plaintiffs will, however, be precluded from introducing evidence at trial concerning matters as to which the physician-patient privilege has been asserted (*see, Murphy v LoPresti, supra*; *Bolos v Staten Is. Hosp., supra*; *Teresi v Grecco, supra*). Ritter, J. P., Copertino, Santucci and Altman, JJ., concur.