■ JOSEPH C. HUREAU, Respondent, v CHAD MARINO et al., Appellants. [693 NYS2d 446] —In an action, *inter alia,* to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated October 1, 1998, as granted the plaintiff's motion to reargue the defendants' prior motion for summary judgment dismissing the complaint and, upon reargument, denied that branch of the motion which was to dismiss the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant action to recover damages for personal injuries and property damage allegedly suffered in a collision with a vehicle owned by the defendant Robert Marino and operated by the defendant Chad Marino.

The defendants moved, *inter alia,* for summary judgment dismissing the first cause of action to recover damages for personal injuries on the ground that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). The court granted the defendants' motion and the plaintiff moved for reargument. The court granted the motion for reargument and, upon reargument, reinstated the first cause of action.

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion when it granted the plaintiff's motion for reargument (*see, Bolos v Staten Is. Hosp.*, 217 AD2d 643). Further, we agree with the Supreme Court that there is an issue of fact as to whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, e.g., Stark v Amadio,* 239 AD2d 569). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.