■ PAMELA LOTT, as Mother and Natural Guardian of JAMAL JORDAN, an Infant, Respondent, v SOUTHSIDE HOSPITAL et al., Defendants, and GIANG TUONG NGUYEN, Appellant. [717 NYS2d 632] —In an action to recover damages for medical malpractice, the defendant Giang Tuong Nguyen appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), entered August 31, 1999, as, upon reargument, vacated so much of a prior order of the same court, dated May 4, 1999, granting that branch of his prior motion which was to compel the plaintiff to disclose certain medical records and denying that branch of the

plaintiff's cross motion which was for a protective order, and denied that branch of his prior motion which was to compel and granted that branch of the plaintiff's prior cross motion which was for a protective order.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the plaintiff's cross motion which was for a protective order as the medical records sought by the appellant are protected by the physician/patient privilege. The infant plaintiff's mother did not waive her physician/patient privilege by commencing this action on behalf of the infant plaintiff (*see, Sibley v Hayes 73 Corp.*, 126 AD2d 629; *Teresi v Grecco,* 206 AD2d 517). Moreover, the physician/patient privilege of the infant plaintiff's siblings was also not waived (*see, Bolos v Staten Is. Hosp.,* 217 AD2d 643; *Dalley v LaGuardia Hosp.,* 130 AD2d 543).

Under the circumstances, it is unnecessary to address the appellant's contention regarding the relevancy of the medical records.

The appellant's remaining contentions are without merit. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.