■ BUFFON LAMY et al., Respondents, v ANATEL PIERRE et al., Appellants. [818 NYS2d 610]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 18, 2005, as granted that branch of the plaintiffs' motion which was for a protective order with respect to the production of certain authorizations for the release of medical records, as described in request number 18 of the defendants' notice for discovery and inspection, dated November 5, 2003, and denied that branch of their cross motion which was to compel the production of such authorizations.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that

branch of the motion which was for a protective order with respect to the production of certain authorizations for the release of medical records, as described in request number 18 of the defendants' notice for discovery and inspection, dated November 5, 2003, is denied, and that branch of the cross motion which was to compel the production of such authorizations is granted.

The plaintiffs' bill of particulars alleged that the infant plaintiff, Buffon Lamy (hereinafter the infant), sustained injuries causing, inter alia, cognitive and behavioral defects as a result of his ingestion of lead-based paint while residing in a building owned by the defendants. The defendants served a notice for discovery and inspection on the plaintiffs, seeking, among other things, written authorizations to obtain all employment, educational, and health records of the infant's parents and siblings. The plaintiffs moved, inter alia, for a protective order, and the defendants cross-moved to compel the plaintiffs to comply with their discovery demand. By order dated February 18, 2005, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. The defendants appeal from that portion of the Supreme Court's order relating to request number 18 of their discovery demand, which sought authorizations for the release of medical records pertaining to the treatment of the infant's mother, the plaintiff Milouse Charitable (hereinafter the mother), during her pregnancy with, and at the birth of, the infant. We reverse the order insofar as appealed from.

While the mother did not waive the physician-patient privilege with respect to her own medical history by commencing this action in a representative capacity on behalf of the infant and derivatively on her own behalf, she is not entitled to assert that privilege with respect to medical records "pertaining to the period when the infant plaintiff was *in utero*, during which time there could be no severance of the infant's prenatal history from his mother's medical history" (*Scharlack v Richmond Mem. Hosp.*, 102 AD2d 886, 888 [1984]; *see Scipio v Upsell*, 1 AD3d 500, 500-501 [2003]; *Herbst v Bruhn*, 106 AD2d 546, 548 [1984]). Since the affidavit of the defendants' medical expert established that the mother's medical records relating to the infant's gestation and birth were material and necessary to the defense of this action (*see* CPLR 3101 [a]), the Supreme Court should have denied that branch of the motion which was for a protective order with respect to those records, and should have granted that branch of the cross motion which was to compel the production of authorizations for the release of those records. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.