■ TONIA WIDEMAN et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [860 NYS2d 590]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Silverman, J.), dated August 15, 2007, which denied their motion pursuant to CPLR 3103 for a protective order with respect to the Medicaid and pharmacy records of the plaintiff Tonia Burton pertaining to her pregnancy with the infant plaintiff Tonia Wideman.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly sustained physical, emotional, and mental injuries as a result of the ingestion and/or inhalation of particles of lead paint found in the apartment where the plaintiff mother resided during her pregnancy with the infant and where both resided after the infant's birth. The plaintiffs moved pursuant to CPLR 3103 for a protective order after the defendant sought authorizations to obtain the mother's Medicaid and pharmacy records for the period during which the infant was in utero. Since the infant placed her physical and cognitive condition in issue, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for a protective order with respect to the mother's Medicaid and pharmacy records while the infant was in utero, "during which time there could be no severance of the infant's prenatal history from [her] mother's medical history" (*Scharlack v Richmond Mem. Hosp.*, 102 AD2d 886, 888 [1984]; *see Scipio v Upsell*, 1 AD3d 500, 501 [2003]; *Herbst v Bruhn*, 106 AD2d 546 [1984]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.