The plaintiff Libi Farkas (hereinafter the plaintiff mother) commenced this action in a representative capacity on behalf of the plaintiff Miriam Farkas (hereinafter the infant plaintiff) and derivatively on her own behalf, alleging that the defendants committed malpractice during the course of her pregnancy and the infant plaintiffs birth. In a preliminary conference order, the Supreme Court directed the plaintiffs to provide authorizations for, among other things, her prenatal, obstetrical, and gynecological records pertaining to the births of her six nonparty children. The plaintiffs moved to vacate so much of the preliminary conference order as directed the plaintiff mother to provide authorizations for the release of medical records outside the period of the pregnancy at issue in this case. The Supreme Court granted the plaintiffs’ motion. The various defendants appeal. We affirm.
*721 Generally, “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by ... a party” (CPLR 3101 [a] [1]). “The words, ‘material and necessary’, are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
“Consequently, where the mental or physical condition of a party is in controversy, a notice may be served pursuant to CPLR 3121 (a) requiring that the party submit to a medical examination or make available for inspection relevant hospital and medical records” (Dillenbeck v Hess, 73 NY2d 278, 286-287 [1989]). “The initial burden of proving that a party’s physical condition is ‘in controversy’ is on the party seeking the information and it is only after such an evidentiary showing that discovery may proceed under the statute” (id. at 287, quoting Koump v Smith, 25 NY2d 287, 300 [1969]).
However, even when the party seeking disclosure has demonstrated that the discovery sought is material and necessary to a matter in controversy in the action, “discovery still may be precluded if the requested information is privileged and thus exempted from disclosure” (Dillenbeck v Hess, 73 NY2d at 287; see CPLR 3121 [b]). “In determining whether certain information is protected under the physician-patient privilege, the burden is on the party asserting the privilege to show the existence of circumstances justifying its recognition” (Williams v Roosevelt Hosp., 66 NY2d 391, 397 [1985] [internal quotation marks omitted]).
The physician-patient privilege provides that “[u]nless the patient waives the privilege, a person authorized to practice medicine . . . shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity” (CPLR 4504 [a]). “[T]he privilege has been construed to protect information obtained by the physician whether such information was communicated by the patient to the physician or through the physician’s observations of the patient” (People v Elysee, 49 AD3d 33, 38 [2007], affd 12 NY3d 100 [2009]). “The privilege applies at examinations before trial . . . and it covers both oral testimony and documents, such as hospital records . . . which presumably are drawn up in large part based on communications imparted by the patient to the treating physician” (Williams v Roosevelt Hosp., 66 NY2d at 396 [citations omitted]).
*722 “Once the privilege is validly asserted, it must be recognized and the sought-after information may not be disclosed unless it is demonstrated that the privilege has been waived” (Dillenbeck v Hess, 73 NY2d at 287). “A litigant will be deemed to have waived the privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue” (id.; see Arons v Jutkowitz, 9 NY3d 393, 409 [2007]).
Here, the defendants submitted an expert affidavit which indicated that the plaintiff mother’s previous pregnancies may have been a cause of the infant plaintiffs injuries. Accordingly, the defendants sustained their initial burden of demonstrating that the plaintiff mother’s prenatal, obstetrical, and gynecological records pertaining to the births of her six nonparty children were “material and necessary” to the defense of this action (CPLR 3101 [a]; see Dillenbeck v Hess, 73 NY2d at 286; Lamy v Pierre, 31 AD3d 613, 614 [2006]; Ritter v Good Samaritan Hosp., 11 AD3d 667, 668 [2004]; Yetman v St. Charles Hosp., 112 AD2d 297, 299 [1985]; cf. Sibley v Hayes 73 Corp., 126 AD2d 629, 631 [1987]; Herbst v Bruhn, 106 AD2d 546, 550 [1984]).
In response to the defendants’ showing, the plaintiffs demonstrated that the plaintiff mother’s medical records, which pertained to matters outside the period of the subject pregnancy, were privileged and not subject to disclosure. Although the plaintiff mother was not entitled to assert the physician-patient privilege with respect to medical records pertaining to the subject pregnancy, “during which time there could be no severance of the infant’s prenatal history from [her] medical history” (Scharlack v Richmond Mem. Hosp., 102 AD2d 886, 888 [1984]), she did not waive the physician-patient privilege with respect to her own medical history by virtue of the allegations asserted in the complaint or the bills of particulars (see Lamy v Pierre, 31 AD3d at 614; Roman v Turner Colours, 255 AD2d 571, 571 [1998]; Murphy v LoPresti, 232 AD2d 461, 462 [1996]; Bolos v Staten Is. Hosp., 217 AD2d 643, 644 [1995]; Teresi v Grecco, 206 AD2d 517, 518 [1994]; Sibley v Hayes 73 Corp., 126 AD2d at 630; see also Dillenbeck v Hess, 73 NY2d at 286; Koump v Smith, 25 NY2d at 300).
As the defendants correctly contend, since the plaintiff mother has availed herself of the privilege, the plaintiffs will be precluded from introducing evidence at trial concerning matters as to which the physician-patient privilege has been asserted (see Roman v Turner Colours, 255 AD2d at 571; Murphy v LoPresti, 232 AD2d at 462; Bolos v Staten Is. Hosp., 217 AD2d at 644; Teresi v Grecco, 206 AD2d at 518; Hughson v St. Francis Hosp. of Port Jervis, 93 AD2d 491, 501-502 [1983]).
*723 The parties’ remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiffs’ motion to vacate so much of the preliminary conference order as directed the plaintiffs to provide authorizations for the release of medical records outside the period of the subject pregnancy. Mastro, A.P.J., Chambers, Sgroi and Miller, JJ., concur.