■ ANIS DALLEY et al., Appellants, v LAGUARDIA HOSPITAL et al., Respondents, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated August 5, 1986, as denied those branches of their cross motion which were for a protective order with respect to the respondents' demands for authorizations for medical and academic records of the three nonparty siblings of the infant plaintiff, the birth records of the three nonparty siblings, and the medical records pertaining to treatment rendered to the infant plaintiff's mother by Dr. Rand, and granted those branches of the respondents' motions which were to compel them to supply those items of the respondents' notices of discovery and inspection.

Ordered that the order is modified, by deleting the provisions thereof which denied those branches of the plaintiffs' cross motion which were for a protective order and granted those branches of the respondents' motions which were to compel disclosure with respect to the defendants' requests for birth and medical records of the three nonparty siblings and for authorizations for medical records pertaining to treatment by Dr. Rand of the infant plaintiff's mother and substituting therefor provisions granting those branches of plaintiffs' cross motion which were for a protective order and denying those branches of the respondents' motions which were to compel disclosure with respect to the birth and medical records and the three nonparty siblings and medical records relating to treatment by Dr. Rand of the infant plaintiff's mother; as so modified the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the respondents appearing separately and filing separate briefs; and the plaintiffs' time to provide the respondents with authorizations to obtain the academic records of the three nonparty siblings is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

Special Term erred in compelling the plaintiffs to provide authorizations for medical records pertaining to treatment rendered by a Dr. Rand to the infant plaintiff's mother, prior to the period during which the infant plaintiff was in utero, as those records are protected by the physician-patient privilege

and not subject to disclosure. We have held on numerous occasions that persons such as the infant plaintiff's mother do not place their medical history in issue merely by acting in a representative capacity for the purposes of litigation in which an infant plaintiff is the real party in interest *(Yetman v St. Charles Hosp.,* 112 AD2d 297, 298; *Herbst v Bruhn,* 106 AD2d 546; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886; *Hughson v St. Francis Hosp.,* 93 AD2d 491). Although medical records relating to the period during which the infant plaintiff was in utero are discoverable based upon the theory of impossibility of severance *(Herbst v Bruhn, supra,* at 548; *Scharlack v Richmond Mem. Hosp., supra,* at 888), the records requested here involve treatment rendered by Dr. Rand five years prior to the birth of the infant plaintiff. In light of the foregoing, the authorizations requested with respect to the mother's treatment by Dr. Rand remain protected under the privilege. Moreover, the respondents are not entitled to authorizations for the birth and medical records of the infant plaintiff's three siblings, who are not parties to the instant action and whose medical records are therefore similarly protected by the physician-patient privilege *(cf., Scharlack v Richmond Mem. Hosp., supra).* Although in *Scharlack v Richmond Mem. Hosp. (supra),* the defendants were permitted access to the delivery and immediate postnatal records of the infant plaintiff's nonparty siblings in that case the plaintiff had specifically alleged that acts of negligence committed by the defendants included the failure to ascertain relevant aspects of the family's medical history *(see also, Hughson v St. Francis Hosp., supra,* at 493). No such allegation is made at bar. Moreover, the record fails to support the respondents' contention that testimony given by the infant plaintiff's mother at an examination before trial resulted in a waiver of her privilege and those of the infant plaintiff's siblings. We note that the transcript of the examination before trial is not contained in the record, thereby precluding this court from assessing the merit of the claim of waiver. Further, the parties dispute the nature of the alleged disclosures made by the infant plaintiff's mother at the deposition. Accordingly, no finding of waiver is possible in connection with her testimony at the deposition.

We conclude, however, that the plaintiffs must provide authorizations for the academic records of the infant plaintiff's siblings. With respect to these demands, the plaintiffs' failure to timely move for a protective order pursuant to CPLR 3122 "forecloses all inquiry concerning the propriety of the notice of discovery and inspection and the information

sought * * * thereunder, except as to matters of privilege under CPLR 3101" *(Caveney v Sorrano,* 84 AD2d 557; *see also, Faraone v Carrollwood Assocs.,* 123 AD2d 344; *Liga v Long Is. R. R.,* 121 AD2d 606; *Zambelis v Nicholas,* 92 AD2d 936, 937). As the foregoing materials are not protected by privilege and, moreover, since it cannot be said that the demands are "palpably improper" in scope *(see, Liga v Long Is. R. R., supra),* the material requested thereunder should be produced. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.