■ CHRISTOPHER CARDILLO, Respondent, v HILLCREST GENERAL HOSPITAL—G.H.I. GROUP HEALTH INCORPORATED et al., Defendants, and F. C. GESUALDO, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant F. C. Gesualdo appeals from so much of an order of the Supreme Court, Queens County (Santucci, J.), entered September 16, 1986, as vacated his demand dated March 18, 1986, for authorizations to obtain certain records.

Ordered that the order is affirmed insofar as appealed from, with costs, and without prejudice to a new demand for authorizations after completion of examinations before trial.

The instant medical malpractice action was instituted by Joseph Cardillo on behalf of his son, the infant plaintiff Christopher Cardillo, who was born in 1974. The infant plaintiff suffered serious injuries resulting from the alleged negligent care of the infant plaintiff's mother, Joanne Cardillo, during her pregnancy, by the appellant and the other defendants.

The demand for authorizations dated March 18, 1986, sought, *inter alia,* in items Nos. 1 through 5 thereof, medical records of later born siblings of the infant plaintiff as well as the labor and delivery records of the infant plaintiff's mother for later born children. There is nothing in the instant record to indicate that the physician-patient privilege which attached to these records had been waived *(see, Dalley v LaGuardia Hosp.,* 130 AD2d 543). In any event, no probative evidence was

adduced by the appellant to demonstrate that these records were material and necessary to the defense of this action *(see,* CPLR 3101 [a]; *see, Herbst v Bruhn,* 106 AD2d 546; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886).

Finally, the Supreme Court, Queens County, correctly held that (1) item No. 6 of the demand for authorizations, which sought "All medical records pertaining to the mother of the infant-plaintiff", was "palpably improper", and (2) the appellant could serve a specific demand for the mother's records pertaining to the period when the infant plaintiff was in utero, and during the infant plaintiff's birth *(see, Herbst v Bruhn, supra; Scharlack v Richmond Mem. Hosp., supra).*

Accordingly, the order is affirmed insofar as appealed from. However, the defendant Gesualdo, if he be so advised, may make a new demand for authorizations after the completion of examinations before trial, at which time he may be able to demonstrate his entitlement to such authorizations. Mangano, J. P., Thompson, Eiber and Harwood, JJ., concur.