■ JASEN YETMAN, an Infant, by KEVIN YETMAN, His Father and Natural Guardian, et al., Respondents, v SOUTHAMPTON HOSPITAL et al., Defendants, and HUGH HALSEY et al., Appellants.—In a medical malpractice action, the defendants Halsey, Johnson, Fear, Hunt and Hamptons Gynecology and Obstetrics, P.C. appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County

(Lama, J.), dated September 1, 1987, as denied their application for medical records of the infant plaintiff's siblings; and (2) so much of an order of the same court, dated November 12, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 1, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated November 12, 1987; and it is further,

Ordered that the order dated November 12, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Contrary to the defendants' contentions on appeal, upon reargument of the order dated September 1, 1987, the Supreme Court afforded them the full measure of disclosure to which they were entitled with regard to the medical records of the infant plaintiff's nonparty siblings in light of the allegations made in the complaint and the bill of particulars *(see, Dalley v LaGuardia Hosp.,* 130 AD2d 543; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886).

Moreover, we concur in the Supreme Court's conclusion that the examination before trial of the infant plaintiff's mother fails to establish any waiver of the physician-patient privilege as to the infant plaintiff's siblings. The excerpts contained in the record reveal, at best, Mrs. Yetman's discussion in general terms of, *inter alia,* various factual incidents surrounding the births of the infant plaintiff's siblings, from which no waiver can be inferred *(cf., Williams v Roosevelt Hosp.,* 66 NY2d 391). Mangano, J. P., Lawrence, Rubin and Kooper, JJ., concur.