■ CHRISTOPHER CARDILLO, an Infant, by His Parent and Natural Guardian, JOSEPH CARDILLO, Respondent, v HILLCREST GENERAL HOSPITAL-G.H.I. GROUP HEALTH INCORPORATED et al., Defendants, and F.C. GESUALDO et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants Gesualdo and Li Pera separately appeal from an order of the Supreme Court, Queens County (Santucci, J.), dated October 1, 1987, which denied their respective motion and cross motion to renew so much of their prior motions as sought authorizations to obtain certain records.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the motion and the cross motion in their entirety and substituting therefor provisions granting renewal, and, upon renewal, modifying a prior order of the same court, dated September 8, 1986, so as to reinstate so much of their March 1986 demands as sought authorizations to obtain all school records pertaining to the infant plaintiff's sibling Joanne; as so modified, the order is affirmed, without costs or disbursements, and the plaintiffs' time to provide the authorizations is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

Contrary to the plaintiffs' contention, dismissal of this appeal is not warranted, as the order appealed from denies renewal *(cf., Patterson v Town of Hempstead,* 104 AD2d 975).

As to the merits of this appeal, we agree with the Supreme Court that the information revealed by the infant plaintiff's parents during the course of their depositions and in the reports and evaluations submitted in support of the appellants' motions constitute the mere facts and incidents of the medical history of the infant plaintiff's mother and sibling, and thus does not constitute privileged material *(see, Williams v Roosevelt Hosp.,* 66 NY2d 391; *Yetman v Southampton Hosp.,* 147 AD2d 693). Since this information was not privileged, the infant plaintiff's mother cannot be said to have waived the physician-patient privilege by voluntarily revealing it. Thus, the appellants have failed to establish their entitlement to the medical records of the infant plaintiff's mother and sibling and the Supreme Court did not err in

refusing to reinstate so much of the March 1986 demands as sought authorizations for those records.

However, as the plaintiffs concede, the defendants are entitled to the infant plaintiff's sibling's academic records (see, *Dalley v LaGuardia Hosp.,* 130 AD2d 543). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.