■ PAUL BALDWIN, an Infant, by His Father and Natural Guardian, THOMAS BALDWIN, Respondent, v FRANKLIN GENERAL HOSPITAL et al., Appellants, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, the defendants Franklin General Hospital and Donald N. Rizzuto separately appeal, as limited by their briefs, from (1) stated portions of an order of the Supreme Court, Queens County (Santucci, J.), dated April 14, 1988, which denied their respective motions to compel the plaintiff, *inter alia,* to provide authorizations for disclosure of the medical and academic records of his brother and granted the plaintiff's cross motion for a protective order, and (2) an order of the same court, dated February 17, 1988, which denied their motions for reargument.

Ordered that the appeals from the order dated February 17, 1988 are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 14, 1988 is modified, (1) by deleting the provisions thereof which denied those branches of the appellants' respective motions which were to compel the plaintiff to provide authorizations for the disclosure of the plaintiff's brother's academic records, and granted that branch of the plaintiff's cross motion which was for a protective order with respect to those records, and substituting therefor provisions granting those branches of the appellants' respective motions which were to compel the plaintiff to provide authorizations for the disclosure of the plaintiff's brother's academic records and granting the branch of the cross motion which was for a protective order with respect to those records only to the extent of directing an in camera review by the Supreme Court, Queens County, of those records, and a redaction by the Supreme Court, Queens County, of any privileged material, prior to any disclosure to the appellants, and otherwise denying that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to provide authorizations for the disclosure of his brother's academic records to the court for in camera review is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

We agree with the Supreme Court, Queens County, that the plaintiff's brother's medical records are protected by the physician-patient privilege and are not subject to disclosure *(see,* CPLR 4504). Although such records have been held to be discoverable where the plaintiff specifically alleges that acts of negligence committed by the defendants included the failure to ascertain relevant aspects of the family's medical history *(see, Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886; *Hughson v St. Francis Hosp.,* 93 AD2d 491, 493), our review of the pleadings and bill of particulars reveals that no such allegation was made in this case *(see, Dalley v LaGuardia Hosp.,* 130 AD2d 543, 544; *Sibley v Hayes 73 Corp.,* 126 AD2d 629, 630-631). The testimony given by the plaintiff's mother at an examination before trial did not constitute a waiver of the minor brother's privilege, since confidential communications were revealed only over objection *(cf., Riccardi v Tampax, Inc.,* 113 AD2d 880). Further, the appellants' demands for disclosure of the "yearly evaluations" of the plaintiff and his brother are too broad and do not sufficiently describe the documents sought.

With respect to the academic records, however, the primary issue is relevancy rather than privilege. The mother's testimony established that the plaintiff's brother's academic records are relevant to the defense of this action. The bill of particulars and the mother's testimony reveal that the plaintiff has a speech impairment and learning disabilities allegedly caused by the negligence of the appellants. The mother also testified that the brother had a speech impairment and learning difficulties requiring therapy and special education programs. The appellants stated that their reason for seeking discovery of the academic records is to establish a defense that the injuries sustained by the plaintiff have a genetic cause *(see,* CPLR 3101 [a] [4]). Therefore, the appellants have adequately demonstrated that the "discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the defense of the claims prosecuted by the infant plaintiff" *(Herbst v Bruhn,* 106 AD2d 546, 549; *see also, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Because it appears that the academic records may contain privileged material, we deem it appropriate that the records first be reviewed in camera by the Supreme Court, Queens County, and that such material, if any, be redacted. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.