■ VANESSA WEPY, an Infant, by Her Father and Natural Guardian, LOUIS WEPY, Respondent, v JAMES SHEN et al., Defendants, and STATEN ISLAND HOSPITAL, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant Staten Island Hospital appeals from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated November 16, 1989, as denied its request for discovery of the medical and school records of the siblings of the infant plaintiff.

Ordered that the order is modified by deleting therefrom the provision denying the appellant discovery of the school records pertaining to the infant plaintiff's siblings, Louis and Christine, and substituting therefor a provision directing the plaintiff to provide the appellant with authorizations to obtain those records; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The information revealed by the plaintiff's parents during the course of their depositions in this action, which had previously been revealed to the physicians of the infant plaintiff, constitute mere facts and incidents of the medical history of the plaintiff's siblings Louis and Christine, and thus do not constitute privileged material (see, Williams v Roosevelt Hosp., 66 NY2d 391; Cardillo v Hillcrest Gen. Hosp., 149 AD2d 454).

Since this medical history information was not privileged, the infant plaintiff's parents cannot be said to have waived the physician-patient privilege as to the medical records in issue by voluntarily revealing it. Thus, the appellant has failed to establish its entitlement to the medical records of the plaintiff's siblings.

However, the appellant is entitled to the academic records of the plaintiff's siblings Louis and Christine, since these records are not protected by a privilege and their relevancy to this action has been demonstrated (see, Baldwin v Franklin Gen. Hosp., 151 AD2d 532; Dalley v LaGuardia Hosp., 130 AD2d 543). The plaintiff's mother testified that phenobarbital was prescribed for her daughter Christine, and that her son Louis had been diagnosed by his teachers as having learning disabilities. The appellant submitted the affidavit of a medical expert stating that a possible connection existed between the neurological problems of the plaintiff and those of her siblings, which would support a defense that the injuries sustained by the plaintiff have a genetic cause. Therefore, the appellant has adequately demonstrated the relevancy of the academic records sought. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.