■ VENICE K. MUNIZ, an Infant, by Her Guardian, ANTONIA TIRADO, et al., Respondents, v PREFERRED ASSOCIATES et al.,

Appellants. (And a Third-Party Action.)—Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 30, 1992, which, *inter alia,* denied defendants' motions to compel plaintiffs' authorization of disclosure of medical records of the plaintiff guardian and the infant plaintiff's half-sibling, and academic records of the infant plaintiff's mother, unanimously affirmed, without costs.

In this action for damages by the infant plaintiff as a result of lead poisoning allegedly caused by defendants' negligent maintenance of her residence, defendants appeal from that part of Supreme Court's order which refused to compel certain disclosure. While the records sought might be relevant, disclosure was properly denied. The medical records of the sibling are indisputably privileged material *(Wepy v Shen,* 175 AD2d 124), a privilege that was not waived, and, we note, could not be waived by any party to this action on his behalf *(Sibley v Hayes 73 Corp.,* 126 AD2d 629, 630). With respect to the mother's academic records, while this material is not privileged, only the mother, a nonparty to this action, can provide the authorization sought by defendants *(see,* CPLR 3101 [a] [4]). Finally, by bringing a derivative suit, the plaintiff guardian has not put her mental or physical condition in controversy and thereby waived her privilege protecting her medical records *(see, Dalley v LaGuardia Hosp.,* 130 AD2d 543, 544; *Williams v Roosevelt Hosp.,* 66 NY2d 391). Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.