■ TRICIA MOORES, an Infant, by Her Mother and Natural Guardian, PATRICIAL A. MOORES, et al., Appellants, v CITY OF NEWBURGH SCHOOL DISTRICT, Respondent. [623 NYS2d 911] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Barone, J.), dated September 20, 1993, which granted the defendant's motion for summary judgment and denied the plaintiffs' cross motion to compel the production of certain school records.

Ordered that the order is modified by deleting therefrom the provisions which granted the defendant's motion for summary judgment and denied the branch of the plaintiffs' cross motion which was to compel the production of the school records of Lenny P. and substituting therefor provisions denying the defendant's motion for summary judgment and granting the branch of the plaintiffs' cross motion which was to compel the production of the school records of Lenny P. to the extent of directing an in-camera review of those records by the Supreme Court, Orange County, and a redaction by the Supreme Court, Orange County, of any privileged material prior to disclosure to the plaintiffs; as so modified, the order is affirmed, with costs to the plaintiffs.

"In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" *(Mirand v City of New York,* 84 NY2d 44, 49). In the present case, the plaintiffs were required to show that the defendant school district had such knowledge about Lenny P., the student who injured the infant plaintiff. Since the defendant refused to produce Lenny P.'s disciplinary records, the plaintiffs did not have access to material information which might have allowed them to prove such notice.

Although school records are not protected by any privilege,

they are not discoverable unless their relevancy and materiality to the action is established *(see, Wepy v Shen,* 175 AD2d 124; *Baldwin v Franklin Gen. Hosp.,* 151 AD2d 532; *Dalley v LaGuardia Hosp.,* 130 AD2d 543). Here, the plaintiffs have demonstrated that the discovery they seek in connection with Lenny P.'s file was reasonably calculated to lead to the discovery of material information. Thus, the plaintiffs are entitled to access to the records *(see, Baldwin v Franklin Gen. Hosp., supra).* Because the records may contain privileged material, we deem it appropriate that they first be reviewed in-camera by the Supreme Court, Orange County, and that privileged material, if any, be redacted *(see, Baldwin v Franklin Gen. Hosp., supra).*

Since the plaintiffs have not had the opportunity to conduct discovery of information in the exclusive possession of the defendant, summary judgment should have been denied *(see,* CPLR 3212 [f]).

We find no merit to the plaintiffs' remaining contentions. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.