■ JENNIFER DAVIS et al., Respondents, v ELANDEM REALTY Co., INC., et al., Defendants, and LOUIS FREEDHAND, Appellant. [641 NYS2d 72] —In an action to recover damages for personal injuries, etc., the defendant Louis Freedhand appeals, as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 17, 1994, which, *inter alia,* denied those branches of his motion which were to compel disclosure of certain academic and health records and records relating to custody proceedings involving the infant plaintiffs.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the appellant's motion which was to compel the production of the academic records of the infant plaintiffs' nonparty siblings and substituting therefor a provision granting that branch of the motion to the extent of directing an in-camera review of those records by the Supreme Court, Kings County, and a redaction by the Supreme Court, Kings County, of any privileged material prior to disclosure to the appellant; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

It is well settled that academic and school records generally are not protected by any privilege and may be discoverable upon a demonstration that they are relevant and material to the action (*see, Moores v City of Newburgh School Dist.,* 213 AD2d 527; *Wepy v Shen,* 175 AD2d 124; *Baldwin v Franklin Gen. Hosp.,* 151 AD2d 532; *Dalley v LaGuardia Hosp.,* 130 AD2d 543). The appellant has sufficiently established that the academic records of the infant plaintiffs' nonparty siblings are relevant and that their requested disclosure is reasonably calculated to lead to the discovery of material information. However, since the records may contain some privileged mate-

rial, they should be reviewed in camera by the Supreme Court and privileged material, if any, should be redacted prior to giving the appellant access to them *(see, Moores v City of Newburgh School Dist., supra; Baldwin v Franklin Gen. Hosp., supra).*

We have considered the appellant's contentions with respect to his remaining disclosure requests and find that those requests are either improper or have been responded to in adequate fashion. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.