■ JILL EGLE, Appellant, v MAPLEBROOK SCHOOL et al., Respondents. [679 NYS2d 85] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Bernhard, J.),

entered September 30, 1997, as (1), in effect, denied her motion to compel the defendant Maplebrook School to comply with her notice of discovery and inspection, dated March 25, 1997, and (2) granted the cross motion of the defendant Maplebrook School for a protective order with respect to that notice of discovery and inspection.

Ordered that the order is modified by (1) deleting therefrom the provision which, in effect, denied that branch of the plaintiff's motion which was to compel disclosure by the defendant Maplebrook School with respect to items (b) and (e) in the notice of discovery and inspection, dated March 25, 1997, and substituting therefor a provision granting that branch of the motion, and (2) deleting therefrom the provision granting that branch of the cross motion of the defendant Maplebrook School which was for a protective order with respect to those items, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.

The plaintiff, a student at the defendant Maplebrook School (hereinafter Maplebrook), was allegedly sexually assaulted in a school dormitory by the defendant Justin Kroiz, another Maplebrook student, on December 2, 1995.

The complaint alleged, *inter alia*, that Maplebrook was negligent in its supervision of Kroiz. In its answer, Maplebrook alleged that it "lacked prior, actual or constructive notice and therefore could not have reasonably anticipated this event and is therefore not responsible for its occurrence".

In her notice of discovery and inspection, dated March 25, 1997, the plaintiff requested from Maplebrook, *inter alia*, "(b) All prior written or oral complaints involving * * * Kroiz, regarding his behavior towards fellow students at * * * Maplebrook" and "(e) All records regarding prior incidents involving * * * Kroiz, wherein [he] exhibited violent and/or sexual overtures toward fellow students at * * * Maplebrook". These specifically delineated records are clearly relevant and material to the plaintiff's action and are discoverable (*see, Moores v City of Newburgh School Dist.*, 213 AD2d 527). The claim of privilege asserted by Maplebrook is without merit. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.