■ Ebony Anderson, an Infant, by Her Mother and Natural Guardian, Christine Anderson, Respondent, v Frances S. Seigel, Defendant and Third-Party Plaintiff-Respondent-Appellant. New York City Housing Authority, Third-Party Defendant-Appellant-Respondent. [680 NYS2d 587] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant appeals, and the defendant Frances Silvergate Seigel cross-appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated January 27, 1998, as denied those branches of their motion and application, respectively, as (a) sought to compel the plaintiffs to provide authorizations for the academic records of the infant plaintiff's mother and siblings, and the employment records of the infant plaintiff's mother, (b) sought to compel both of the infant plaintiff's parents to submit to "IQ" testing, and (c) granted the plaintiffs' cross motion for a protective order as to the above requests, and (2) the third-party defendant appeals, as limited by its brief, from so much of an order of the same court, also dated January 27, 1998, as directed it to provide certain "raw" data to the other parties in the above-entitled action.

Ordered that the order dated January 27, 1998, relating to authorizations for certain academic records, employment records, and IQ testing, is modified by (1) deleting the provision thereof denying that branch of the motion and application which sought to compel the plaintiffs to provide authorizations

for the academic records of the infant plaintiff's mother and siblings, and substituting therefor a provision granting that branch of the motion and application to the extent of directing the plaintiffs to provide a copy of the academic records of the infant plaintiff's mother and siblings to the Supreme Court, Kings County, for an in camera review by that court and a redaction of any privileged matter prior to disclosure to the appellant and the cross appellant, (2) deleting the provisions thereof denying those branches of the motion and application which sought to compel the plaintiffs to provide authorizations as to the mother's employment records and to compel the mother to submit to IQ testing, and substituting therefor a provision granting those branches of the motion and application, and (3) deleting the provision thereof granting those branches of the cross motion which were for a protective order as to the requests set forth in (1) and (2) of this decretal paragraph, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 27, 1998, which, *inter alia*, directed the third-party defendant to provide certain "raw" data to the other parties in the above-entitled action, is affirmed insofar as appealed from, without costs or disbursements.

The authorizations sought in this case as to the academic records of the infant plaintiff's siblings and her mother, also a plaintiff here, the mother's employment records, and the IQ testing of the infant plaintiff's mother, were likely to lead to the discovery of admissible or relevant evidence. Thus, the Supreme Court erred when it denied these requests (*see,* CPLR 3101; *Davis v Elandem Realty Co.,* 226 AD2d 419; *Wepy v Shen,* 175 AD2d 124; *Baldwin v Franklin Gen. Hosp.,* 151 AD2d 532; *see also, Salkey v Mott,* 237 AD2d 504). However, since there may be some privileged material contained in the academic records, an in camera review by the Supreme Court is warranted prior to the final disclosure thereof (*see, Davis v Elandem Realty Co., supra*). Further, since the infant plaintiff's father is not a party to this matter, and he was not served with the motion papers, the Supreme Court properly denied any requests related to him (*see,* CPLR 3101 [d]).

The parties' remaining contentions are without merit. Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.