■ JAMES GRAHAM, Appellant, v WEST BABYLON UNION FREE SCHOOL DISTRICT et al., Respondents. [692 NYS2d 460] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 20, 1998, which, upon an in camera inspection of the school disciplinary records of the defendant Marc Maggio, denied that branch of his motion which was to compel the unsealing and disclosure of the records at issue.

Ordered that the order is modified by deleting therefrom the provision which denied that branch of the motion which was to unseal and disclose the requested disciplinary records, and substituting therefor a provision granting that branch of the motion to the extent of unsealing and disclosing those records pertaining to an incident which occurred on January 27, 1994, redacted to omit the identity of the other person involved therein, and otherwise denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

School records such as those sought by the plaintiff ordinarily are not protected by any privilege, and they are generally discoverable once their relevancy and materiality to the action are established (*see generally, Davis v Elandem Realty Co.,* 226 AD2d 419; *Wepy v Shen,* 175 AD2d 124; *Baldwin v Franklin Gen. Hosp.,* 151 AD2d 532). Moreover, records of any past instances of violent and assaultive behavior on the part of the defendant Marc Maggio clearly would be relevant to the plaintiff's claim that the defendant West Babylon Union Free School District failed to adequately supervise Maggio (*see generally, Mirand v City of New York,* 84 NY2d 44; *Kennedy v Seaford Union Free School Dist. No. 6,* 250 AD2d 574). Accordingly, having reviewed the school disciplinary records at issue, we conclude that the Supreme Court should have directed the unsealing and disclosure, in appropriately redacted form, of those records pertaining to an incident which occurred on January 27, 1994 (*see, e.g., Moores v City of Newburgh School Dist.,* 213 AD2d 527). Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.