■ ADAJAH MONTGOMERY, by Her Mother and Natural Guardian, ANN CUNNINGHAM, Respondent, v MARGARET TAYLOR et al., Appellants. [713 NYS2d 188] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 19, 1999, which denied their motion to compel certain discovery from the plaintiffs.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which sought to compel the plaintiff to provide authorizations for the academic records of the plaintiff's siblings, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, an infant, allegedly suffered injuries as a result of exposure to lead while residing in premises owned by the defendants. The Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which sought to compel the plaintiff to provide authorizations for the academic records of the plaintiff's siblings, since those records are "likely to lead to the discovery of admissible or relevant evidence" (*Anderson v Seigel,* 255 AD2d 409, 410; *see, Andon v 302-304 Mott St. Assocs.,* 94 NY2d 740; *Salkey v Mott,* 237 AD2d 504; *Davis v Elandem Realty Co.,* 226 AD2d 419).

However, although the defendants may assert a counterclaim sounding in comparative negligence against the plaintiff's mother, they failed to demonstrate the relevance or materiality of Department of Health records relating to the plaintiff's siblings which concerned a period of time before the plaintiff was born, or premises where the mother never resided. Therefore, the Supreme Court properly denied that branch of the defendants' motion which sought access to these records (*see,* CPLR 3101; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Ritter, J. P., Sullivan, Florio and Feuerstein, JJ., concur.