■ DOMINICK MELE, an Infant, by JOHN MELE, His Father, et al., Respondents, v JOHN TRAVERS, Appellant. [741 NYS2d 319] —Carpinello, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered May 30, 2001 in Chemung County, which granted plaintiffs' motion to preclude defendant from obtaining the academic and/or medical records of plaintiff Dominick Mele's nonparty siblings.

In the course of this action to recover for injuries to now nine-year-old plaintiff Dominick Mele (hereinafter the infant) as a result of alleged lead paint conditions in premises owned by defendant, defendant sought, and was denied by plaintiffs' counsel, medical and educational authorizations for the records of the infant's two nonparty brothers. Instead of litigating the denial of these requests, defense counsel sought out the children's estranged mother—who had neither legal nor physical custody of any of the children and who had apparently not exercised visitation with them for nearly two years—and obtained written authorizations from her for the very records to which access was denied by plaintiffs' counsel. The school district and medical offices to which these authorizations were

forwarded denied the requests.[1] Plaintiffs thereafter moved to preclude disclosure of the nonparty siblings' records to their mother or defendant. At issue on appeal is an order of Supreme Court enjoining defendant from attempting to obtain these records, either directly or through their mother, and further prohibiting him from accepting such records from the mother without the court's prior approval. Defendant appeals.

Before this Court, defendant repeatedly claims that certain federal statutory (*see*, 20 USC § 1232g *et seq.*), state statutory (*see*, Public Health Law § 18 [2]) and constitutional rights of the mother were violated by Supreme Court's order. The fundamental error with defendant's arguments is that he cannot raise these alleged violations of the mother's rights (*see, e.g., Butler v South Glens Falls Cent. School Dist.*, 106 F Supp 2d 414 [denial of records under 20 USC 1232g *et seq.* is a claim that belongs to the parent who sought and was denied records]). In attempting to overcome this legal hurdle, defendant claims, without legal support, that he is the mother's "designee" for the purpose of such claims and therefore can raise her rights. Although the mother, in the executed medical authorizations and requests for information, "designated" defense counsel as the party to whom the requested records could be furnished, the mere act of authorizing a third party to receive records is not the legal equivalent of an assignment of all of one's right, title and interest. Said differently, even assuming a parent can indeed assign his or her parental rights— itself a doubtful proposition—and further assuming that the mother in this case was a parent with rights to assign, there is simply no evidence of any such assignment to defendant. To be the real party in interest under an assignment, there must be "a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned" (*Leon v Martinez*, 84 NY2d 83, 88). Indeed, "[a]n assignment at law contemplates a completed transfer of the entire interest of the assignor in the particular subject of assignment, whereby the assignor is divested of all control over the thing assigned" (*Coastal Commercial Corp. v Kosoff & Sons*, 10 AD2d 372, 376). Clearly, no such assignment of rights exists here.

In any event, our review of Supreme Court's order reveals *no* limitations by that court on any right of the mother herself.

---

**1.** Plaintiffs' counsel somehow learned of defense counsel's actions and contacted the school district and various medical offices requesting that they not disclose any information to any party other than the infant's father and legal custodian, plaintiff John Mele.

Specifically, and contrary to defendant's claims, Supreme Court did not enjoin or prohibit the *mother* (over whom it had no jurisdiction) from engaging in any conduct and the court in no way denied her any of her rights under federal or state statute. Rather, the court enjoined *"defendant* * * * from attempting to obtain the academic and/or medical records of the infant plaintiff's nonparty siblings[,] either directly or through the use of the infant plaintiff's natural mother" and further ordered that *"defendant* shall not accept any medical and/or academic records relating to the nonparty siblings from the * * * mother without prior approval of the Court" (emphasis supplied). Thus, any claim that Supreme Court limited or violated any rights of the mother is totally without merit.[2]

Finally, under the facts of this case, which reveal a blatant attempt by defense counsel to thwart traditional discovery procedures, we reject defendant's claim that Supreme Court improperly applied evidentiary considerations to resolve plaintiffs' motion. In particular, we agree with Supreme Court's analysis concerning the discoverability of nonparty records in lead paint cases and what was required by defendant to obtain same here, namely, a sufficient factual showing demonstrating their relevance and materiality to this case (*see, Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740; *Alexander v Westminster Presbyt. Church*, 267 AD2d 1102; *Monica W. v Milevoi*, 252 AD2d 260; *McGuane v M.C.A., Inc.*, 182 AD2d 1081; *Nieves v 1845 7th Ave. Realty Assoc.*, 184 Misc 2d 639; *but see, Montgomery v Taylor*, 275 AD2d 698; *Anderson v Seigel*, 255 AD2d 409).

---

2. To the extent that the mother has any claim pursuant to 20 USC § 1232g *et seq.* (a matter on which we specifically do not speak), it would be against the school district that denied her access to the records and any such violation could only be vindicated in a cause of action under 42 USC § 1983 upon a showing of that entity's *"policy"* of denying records to parents or students (20 USC § 1232g [a] [1] [A] [emphasis supplied]; *see, e.g., Fay v South Colonie Cent. School Dist.*, 802 F2d 21, 33; *Mostaghim v Fashion Inst. of Tech.*, 2001 WL 1537544, 2001 US Dist LEXIS 19782 [SD NY, Dec. 3, 2001]; *Weixel v Board of Educ. of City of N.Y.*, 2000 WL 1100395, 2000 US Dist LEXIS 11041 [SD NY, Aug. 7, 2000], *mod* 287 F3d 138). Moreover, such a cause of action would also need to allege that the mother timely filed a complaint with the Secretary of Education concerning the alleged violation (*see*, 20 USC § 1232g [f], [g]; 34 CFR 99.60—99.67; *Weixel v Board of Educ. of City of N.Y., supra*, 2000 WL 1100395, *7 n 8, 2000 US Dist LEXIS 11041, *23 n 8). Similarly, to the extent that the mother has any claim pursuant to Public Health Law § 18 (again, a matter on which we specifically do not speak), that claim is against the medical facilities that denied her access to the records and there is no indication that she availed herself of the appropriate administrative and judicial remedies afforded under that statutory scheme to address same (*see*, Public Health Law § 18 [3] [e], [f]; *see also*, 10 NYCRR 50-3.1—50-3.9).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

