■ ARTHUR TRIPP et al., Infants by JEANNE A. TRIPP, Individually and as Their Mother and Guardian, Respondents, v FRANCIS GIROUX, Appellant. (And a Third-Party Action.) [742 NYS2d 742] —Crew III, J.P. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered April 6, 2001 in Washington County, which partially denied defendant's motion to compel discovery.

Plaintiff Jeanne A. Tripp (hereinafter Tripp) commenced this action individually and on behalf of her infant children, plaintiffs Arthur Tripp, Jeanne Tripp and Elijah Tripp (hereinafter the infant plaintiffs), for injuries allegedly sustained by reason of ingestion of lead-based paint while residing, as tenants, in a home owned by defendant in the Village of Hudson Falls, Washington County. Following joinder of issue, defendant served a discovery demand upon plaintiffs' counsel seeking, inter alia, authorization for the medical and educational records of Tripp and the infant plaintiffs' father, as well as the infant plaintiffs' siblings. After plaintiffs' counsel objected to the demand, defendant moved to compel disclosure. Supreme Court partially denied defendant's motion, prompting this appeal.

Initially, we note that the medical records of Tripp, the infant plaintiffs' siblings and their father constitute confidential information and, absent a waiver, are privileged. Such records, therefore, are not subject to disclosure even if it appears that such information is material and necessary to the defense (*see, Dillenbeck v Hess*, 73 NY2d 278, 289).

The same may not be said, however, of the educational records sought by defendant, which generally are discoverable upon a demonstration that they are relevant and material to the action (*see, e.g., Davis v Elandem Realty Co.*, 226 AD2d 419). Here, the affidavit of defendant's neuropsychologist has, in our view, sufficiently established the relevance and materiality of the items sought. The educational records, therefore, ought to be disclosed.

With regard to plaintiffs' contention that the records of students in special education programs are privileged pursuant to the terms of Education Law § 4005 (1) (e), we disagree. That section provides that where a child is thought to have a handicapping condition and a request is made to the local school district to have its special education committee evaluate the child and prepare written recommendations with regard

thereto, all information contained in the committee's report shall be confidential (*see,* Education Law § 4005 [1] [e]). Thus, while Educational Law § 4005 (1) (e) precludes disclosure of the committee's report, it does not bar disclosure of the child's underlying educational records.

To summarize, notwithstanding the broad discretion afforded Supreme Court in supervising disclosure, we deem it appropriate to exercise our corresponding authority in this regard to permit the disclosure of the requested educational records (*see, Brady v Ottaway Newspapers,* 63 NY2d 1031, 1032). Accordingly, we modify Supreme Court's order by directing that plaintiffs comply with defendant's demands for authorization for school records and records regarding the results of any standardized tests relating to the infant plaintiffs' parents and siblings, except that Supreme Court is directed to review the special education records of Chester Tripp, Barbara Tripp and Jack Tripp in camera and redact any confidential information pursuant to Education Law § 4005 (1) (e) before permitting defendant access thereto.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to compel disclosure of certain educational records; motion granted to the extent set forth in this Court's decision; and, as so modified, affirmed.