In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 2, 2003, as granted the defendants’ motion to compel disclosure of certain medical and school records.
Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was to compel the plaintiffs to provide authorizations for the school records of the infant plaintiff’s parents and siblings and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The infant plaintiff (hereinafter the infant) was struck by a car owned and operated by the defendants. She allegedly suffered, among other injuries, traumatic brain injury and impaired cognition. The defendants served notices to produce upon the plaintiffs, seeking authorizations for, inter alia, the mother’s prenatal and delivery medical records pertaining to the infant, and the school records of the infant’s parents and siblings. After the plaintiffs refused to provide the demanded authorizations, the Supreme Court granted the defendants’ motion to compel, and the plaintiffs appeal.
Although the infant’s mother is a party to this action in a representative capacity and individually insofar as she asserts a derivative cause of action for loss of services, her physical condition is not in controversy and she has not waived the physician-patient privilege (see e.g. Roman v Turner Colours, 255 AD2d 571 [1998]; Herbst v Bruhn, 106 AD2d 546 [1984]). The plaintiffs have agreed to provide the defendants with authorizations for the mother’s medical records pertaining to the birth of the infant, conceding that they pertain to the infant’s physical condition which is in controversy. We agree with the Supreme *501 Court that the defendants are also entitled to the medical records of the infant’s mother pertaining to the time period when the infant was in útero, “during which time there could be no severance of the infant’s prenatal history from [her] mother’s medical history” (Scharlack v Richmond Mem. Hosp., 102 AD2d 886, 888 [1984]).
However, we agree with the plaintiffs that the branch of the defendants’ motion which was to compel the plaintiffs to provide authorizations for the school records of the infant’s parents and siblings should have been denied. With respect to discovery of academic records, the primary issue is relevance rather than privilege (see Baldwin v Franklin Gen. Hosp., 151 AD2d 532 [1989]). The expert affidavit submitted by the defendants for the first time in a reply was conclusory, and wholly failed to substantiate the bald assertion that the school records of the infant’s parents and siblings are relevant to this action (see Andon v 302-304 Mott St. Assoc., 94 NY2d 740 [2000]). Goldstein, J.P, Adams, Townes and Mastro, JJ., concur.