■ FRANK ZEMAN, Doing Business as ZEMAN ASSOCIATES, Appellant, v FALCONER ELECTRONICS, INC., Respondent. [865 NYS2d 420]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered April 10, 2007. The order, insofar as appealed from, denied in part plaintiff's motion for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law with costs, the motion is granted in its entirety, and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, to recover unpaid commissions owed pursuant to a manufacturer's representative agreement (agreement). Based on that agreement, defendant was obligated to pay commissions in the amount of 5% on all sales made by plaintiff, and plaintiff would continue to receive those commissions for one year after termination of the agreement by either party upon 30 days' notice. Supreme Court granted that part of plaintiff's motion for summary judgment seeking commissions earned by plaintiff on the Pass & Seymour, Inc. (Pass & Seymour) account but awarded plaintiff only half of those commissions, upon determining that plaintiff had assigned his right to the remaining half of those commissions to a former employee. The court denied that part of plaintiff's motion for summary judgment seeking commissions owed on the DL Manufac-

turing (DL) account, however, upon determining that plaintiff had assigned his right to half of those commissions as well and that defendant had already paid the remaining half of the commissions to plaintiff. We note that the court's failure to rule on that part of plaintiff's motion for summary judgment seeking commissions earned on the Purolator, also known as Motor Components (Purolator), account is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864 [1993]).

We note at the outset that, because defendant did not take a cross appeal from the order, its contentions concerning those parts of the order granting the motion in part are not before us (*see generally* CPLR 5515 [1]; *Mazzu v Benderson Dev. Co.,* 224 AD2d 1009, 1011-1012 [1996]). We agree with plaintiff on his appeal that he is entitled to the relief sought in the complaint, i.e., commissions in the amount of 5% on all sales made by plaintiff with respect to the Pass & Seymour, DL and Purolator accounts, as well as relief pursuant to Labor Law § 191-c. We therefore reverse the order insofar as appealed from, grant plaintiff's motion in its entirety and remit the matter to Supreme Court to determine the amount of those commissions and the amount due pursuant to Labor Law § 191-c.

We conclude that the court erred in determining that an e-mail from plaintiff to defendant constituted an assignment of plaintiff's right to half of the commissions. "[T]o effect an assignment . . . there [must] be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned" (*Leon v Martinez,* 84 NY2d 83, 88 [1994]; *see Mele v Travers,* 293 AD2d 950, 951-952 [2002]). "In order for an assignment to be valid, the assignor must be 'divested of all control over the thing assigned' " (*Matter of Stralem,* 303 AD2d 120, 123 [2003]). Even assuming, arguendo, that the e-mail in question demonstrated plaintiff's intent to benefit another sales representative who is not named therein, we conclude that it does not purport to divest plaintiff of any right to receive commissions. Consequently, the court erred in limiting the amount of damages to half of the commissions earned, and should have calculated the full commissions in the amount of 5% to be paid on the three accounts at issue through December 5, 2004. Inasmuch as a recalculation is required, we note despite the absence of a cross appeal by defendant that the court appears to have awarded damages on the Pass & Seymour account for overlapping time periods, and that award may therefore need to be corrected (*see* CPLR 5019 [a]).

Finally, we agree with plaintiff that the court erred in deny-

ing that part of the motion seeking summary judgment on the second cause of action, for double damages, reasonable attorney's fees, costs, and disbursements pursuant to Labor Law § 191-c. Pursuant to that statute, the prevailing party in an action to recover commissions earned pursuant to a contract between a principal and a sales representative "shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements," as well as double damages (§ 191-c [3]). Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.