# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**559**
**CA 10-02405**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

BARRY HARRIS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

EASTMAN KODAK COMPANY, DEFENDANT-RESPONDENT.

---

CHARLES A. HALL, ROCHESTER, FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, ROCHESTER (TIMOTHY P. WELCH OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J.
Ark, J.), entered August 10, 2010 in a personal injury action. The
order, insofar as appealed from, denied the motion of plaintiff for
partial summary judgment on the issue of liability.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking
damages for injuries he sustained when he fell from a scaffold that
was equipped with wheels. The accident occurred while plaintiff was
removing a pipe that was attached to and ran parallel with the ceiling
of the building on which he was working. The pipe fell when plaintiff
cut through a bracket that was suspending the pipe and, according to
plaintiff's bill of particulars, the scaffold "shifted and/or moved to
the right causing plaintiff to fall from it to the left about 10 feet
down headfirst." Plaintiff moved for partial summary judgment on
liability under Labor Law § 240 (1) and § 241, and defendant cross-
moved for summary judgment dismissing the Labor Law § 241 claim.
Supreme Court denied the motion and cross motion.

We note at the outset that defendant did not take a cross appeal
from the order and thus its present contention that the court erred in
denying its cross motion is not properly before us (*see generally* CPLR
5515 [1]; *Zeman v Falconer Elecs., Inc.*, 55 AD3d 1240, 1241). With
respect to plaintiff's motion, we conclude that the court properly
denied the motion inasmuch as plaintiff failed to meet his "initial
burden of establishing as a matter of law that the injury was caused
by the lack of enumerated safety devices, the proper placement and
operation of which would have prevented the pipe from falling on
plaintiff and plaintiff from falling off the [scaffold]" (*Sniadecki v
Westfield Cent. School Dist.*, 272 AD2d 955). It is undisputed that
the scaffold neither collapsed nor tipped and plaintiff, the only

witness to the accident, testified at his deposition both that the pipe did not strike him and that he was unsure whether the scaffold moved or shifted, which is contrary to the statement in his bill of particulars that the scaffold "shifted and/or moved to the right." In addition, the record does not establish whether the pipe struck the scaffold and whether the scaffold was equipped with a safety railing. Thus, plaintiff failed to meet his burden of establishing his entitlement to judgment on liability as a matter of law with respect to the alleged Labor Law violations. Finally, plaintiff's further contention that there should have been another safety device to prevent the pipe from falling and striking either the scaffolding or plaintiff is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered: April 29, 2011                              Patricia L. Morgan
                                                     Clerk of the Court