# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**635.1**
**CA 12-02035**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

POLYFUSION ELECTRONICS, INC.,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

PROMARK ELECTRONICS, INC. AND ROBERT
GATHERCOLE, DEFENDANTS-APPELLANTS-RESPONDENTS.

---

WOODS OVIATT GILMAN, LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

LAWRENCE C. BROWN, CHEEKTOWAGA, FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment of the Supreme Court,
Erie County (John A. Michalek, J.), entered December 22, 2011.  The
judgment dismissed the complaint and awarded defendant Promark
Electronics, Inc., money damages on the fourth counterclaim.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the award of damages under
the fourth counterclaim and awarding instead the same amount of
damages to defendant Promark Electronics, Inc. under the second
counterclaim, awarding damages to defendant Promark Electronics, Inc.
on the first counterclaim in the amount of $47,589.15 along with
reasonable attorney's fees, and granting defendant Promark
Electronics, Inc. interest on the judgment at the rate of 9% rather
than 3% per annum, and as modified the judgment is affirmed without
costs and the matter is remitted to Supreme Court, Erie County, to
determine the amount of reasonable attorney's fees to be awarded
pursuant to Labor Law § 191-c (3) and to recalculate the amount of
interest to be awarded pursuant to CPLR 5004 in accordance with the
following Memorandum:  Defendants appeal and plaintiff cross-appeals
from a judgment entered following a nonjury trial that dismissed the
complaint and awarded defendant Promark Electronics, Inc. (Promark)
judgment on the fourth counterclaim, for quantum meruit, plus
interest.  Plaintiff, a contract electronics manufacturer, hired
defendants to generate new business orders and, in 2002, plaintiff
signed an agreement providing that plaintiff would pay defendants a
five-percent commission on new customers resulting from defendants'
efforts.  The agreement also contained a 30-day termination clause
available to both plaintiff and defendants.  It is undisputed that
plaintiff restructured the commission schedule in 2005 and that
defendants accepted the restructured schedule.  Due to financial
difficulties, plaintiff was deficient in paying various commissions

owed to defendants and, in 2008, plaintiff terminated its relationship with defendants.  Plaintiff commenced this action seeking commissions it alleges were wrongly paid to defendants, and defendants asserted counterclaims for the unpaid commissions.

We agree with defendants on their appeal that Supreme Court should have awarded Promark judgment on the second counterclaim, breach of contract, rather than on the fourth counterclaim, for quantum meruit.  We therefore modify the judgment accordingly.  The agreement between the parties was an enforceable unilateral contract (*see Petterson v Pattberg*, 248 NY 86, 88), and the existence of an enforceable written contract between the parties precludes recovery in quantum meruit (*see Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607). Plaintiff's contention on its cross appeal that there were additional unwritten requirements that defendants failed to fulfill and thus that defendants were not entitled to judgment in their favor is without merit; parole evidence is not admissible here because there is no ambiguity in the contract between plaintiff and defendants (*see Schron v Troutman Sanders LLP*, 20 NY3d 430, 436; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162).

We further agree with defendants that Promark is entitled to judgment on the first counterclaim, alleging the violation of Labor Law § 191-c.  Labor Law § 191-c (1) provides that, "[w]hen a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated." Labor Law § 191-c (3) provides that "[a] principal who fails to comply with the provisions of this section concerning timely payment of all earned commissions shall be liable to the sales representative in a civil action for double damages.  The prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements."  It is undisputed that plaintiff failed to pay defendants commissions within five business days after they became due, and the record establishes that plaintiff was a "principal" and defendants were "sales representative[s]" for purposes of the statute.  We therefore further modify the judgment by awarding Promark damages in the amount of $47,589.15 on the first counterclaim, representing double damages of the amount awarded on the breach of contract claim, and we remit the matter to Supreme Court for a calculation of reasonable attorney's fees (*see Zeman v Falconer Elecs., Inc.*, 55 AD3d 1240, 1241-1242).  We note that the judgment includes an award of costs to defendants.

Finally, we conclude that the court lacked discretion to vary the statutorily-prescribed interest rate of 9% per annum (*see* CPLR 5004). As this Court has previously recognized, interest at the rate of 9% per annum is mandatory for "sum[s] awarded because of a breach of performance of a contract" (CPLR 5001 [a]; *see Urban v B.R. Guest, Inc.*, 45 AD3d 1418, 1418).  We therefore further modify the judgment accordingly.

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court