*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                518749
_____

JARROD PEREZ,
                    Appellant,

          v                              MEMORANDUM AND ORDER

LENORE FLEISCHER et al.,
    Individually and Doing
    Business as 608 PARTNERSHIP,
                    Respondents.
_____

Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

                    _____

        Athari & Associates, LLC, New Hartford (Mo Athari of
counsel), for appellant.

        Bailey, Kelleher & Johnson, PC, Albany (Marc J. Kaim of
counsel), for respondents.

                    _____

McCarthy, J.

        Appeal from an order of the Supreme Court (McGrath, J.),
entered January 31, 2014 in Columbia County, which partially
granted defendants' motion to compel certain discovery.

        Plaintiff commenced this action alleging various injuries
resulting from his exposure to lead paint on premises in which he
resided as a child.  Defendants owned those premises.  During
discovery, defendants demanded disclosure of academic and medical
records of plaintiff's siblings and mother, including the
mother's substance abuse and rehabilitation records, and that the
mother be produced for an IQ test and participate in plaintiff's
independent medical examination.  After plaintiff refused to

comply with these demands, defendants moved to compel disclosure (see CPLR 3124). Supreme Court partially granted the motion, requiring disclosure of the academic and medical records of plaintiff's mother, including her substance abuse-related records, and that she be produced for an IQ test, and production of plaintiff's siblings' academic and medical records to the court for an in camera review. Plaintiff appeals.

We modify Supreme Court's determination, further limiting the ordered disclosure. "While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000] [citations omitted]; see Monica W. v Milevoi, 252 AD2d 260, 264 [1999]). Courts must evaluate disclosure demands "on a case-by-case basis with due regard for the strong policy supporting open disclosure," while balancing competing interests such as the demanding party's need for the information, its possible relevance, the burden imposed on a party or nonparty by ordering disclosure, and the potential for confusion or delay, such as expanded litigation or mini-trials on collateral issues (Andon v 302-304 Mott St. Assoc., 94 NY2d at 746-747).

Contrary to plaintiff's assertion that all evidence concerning the medical and educational history of his family members is irrelevant, this Court has repeatedly permitted defendants in lead paint cases to rely on scientifically supported evidence indicating that a plaintiff's injuries could have been caused, at least in part, by factors other than lead poisoning, including environmental, social and family factors (see Cooper v McInnes, 112 AD3d 1120, 1121 [2013]; Derr v Fleming, 106 AD3d 1240, 1243-1244 [2013]; Robinson v Bartlett, 95 AD3d 1531, 1534-1535 [2012]; Cunningham v Anderson, 85 AD3d 1370, 1374-1375 [2011], lv dismissed and denied 17 NY3d 948 [2011]). Defendants here provided an expert affidavit, supported by scientific articles, opining that medical, educational and IQ information concerning plaintiff's immediate family members is relevant, material and necessary to determining the causes and contributing factors related to plaintiff's numerous conditions, thereby rendering this information discoverable (see CPLR 3101

[a]; compare Mendez v Equities By Marcy, 24 AD3d 138, 138 [2005]). Although family information may be discoverable in general, the question is whether defendants are entitled to nonparty family members' medical records, which are confidential and privileged (see Monica W. v Milevoi, 252 AD2d at 262-263; Muniz v Preferred Assoc., 189 AD2d 738, 739 [1993]), and educational and IQ records, which are not privileged but are generally considered private (see Andon v 302-304 Mott St. Assoc., 94 NY2d at 747; Ward v County of Oneida, 19 AD3d 1108, 1109 [2005]; Alexander v Westminster Presbyt. Church, 267 AD2d 1102, 1102-1103 [1999]; see also Muniz v Preferred Assoc., 189 AD2d at 739).

A subdivision of the main disclosure statute provides that "[u]pon objection by a person entitled to assert the privilege, privileged matter shall not be obtainable" (CPLR 3101 [b]). Medical records are protected by a doctor-patient privilege and cannot be disclosed without consent or a waiver of the privilege (see CPLR 4504 [a]; Murphy v Hamilton, 90 AD3d 1294, 1295 [2011]). A plaintiff waives the privilege by commencing an action that places his or her mental or physical condition at issue, but nonparties are not subject to having their medical histories made public merely because a relative commences an action (see Monica W. v Milevoi, 252 AD2d at 262-263; Matter of New York County DES Litig., 168 AD2d 44, 47-48 [1991]; see also Ward v County of Oneida, 19 AD3d at 1109). As plaintiff's mother and siblings did not consent and have not waived that privilege,[1] Supreme Court should not have ordered disclosure of their medical records (see Muniz v Preferred Assoc., 189 AD2d at 739; Van Epps v County of Albany, 184 Misc 2d 159, 165-167 [2000]). An

---

[1] Plaintiff's mother was on notice of the demands and objected to disclosure. The record contains affidavits of service for only two of plaintiff's four brothers, so it is unclear whether the other two were on proper notice of the demands. No disclosure is available for any records related to siblings who were not on notice. Although the record does not contain any objection from the two brothers who were served, we will not permit disclosure of the demanded medical records based on their privileged nature.

exception exists for the mother's medical records during the time of her pregnancy with and birth of plaintiff, but plaintiff has already provided an authorization for those records (see Lamy v Pierre, 31 AD3d 613, 614 [2006]; Matter of New York County DES Litig., 168 AD2d at 47).

Regarding the mother's and siblings' academic records, defendants have submitted an expert affidavit, as noted above, indicating that those records are relevant and necessary to determine whether other factors caused plaintiff's injuries (compare Alexander v Westminster Presbyt. Church, 267 AD2d at 1102-1103). Considering that these records are private but not privileged, Supreme Court reasonably balanced defendants' need for them and their possible relevance against the burden to these nonparties from disclosure, requiring that the siblings' records be produced to the court for an in camera review (see Anderson v Siegel, 255 AD2d 409, 410 [1998]; see also Montgomery v Taylor, 275 AD2d 698, 698 [2000]). The mother's academic records should similarly be submitted to the court for review and redaction of any privileged material.

Defendants have submitted some proof that the mother's IQ may be relevant to plaintiff's diminished mental capacity. Defendants' need for her IQ test results, however, are not outweighed by the burden on her to undergo such a test, as well as the potential for extending this litigation by focusing on information extraneous to plaintiff's condition, such as all of the factors contributing to the mother's IQ (see Andon v 302-304 Mott St. Assoc., 94 NY2d at 747). Considering the private and personal nature of the information sought and the potential delay due to myriad collateral issues, defendants should not be able to compel plaintiff's mother, a nonparty, to undergo an IQ test (see Van Epps v County of Albany, 184 Misc 2d at 167-171).

Supreme Court properly denied plaintiff's request for a Frye hearing. Such a hearing is held to determine admissibility of novel scientific evidence at trial (see Parker v Mobil Oil Corp., 7 NY3d 434, 446 [2006]; Page v Marusich, 51 AD3d 1201, 1202-1203 [2008]). The request here was premature, as this matter is only at the disclosure stage and information need not be admissible at trial to be discoverable.

Lahtinen, J.P., Stein, Rose and Clark, JJ., concur.


ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted that portion of defendants' motion to compel plaintiff to produce his mother's and siblings' medical records and to produce his mother for an IQ test; motion denied to that extent and the mother's academic records should be produced to Supreme Court for in camera review; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court